**Jose Luis GARZA d/b/a Tropicana Night Club, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

No. 14–02–01253–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 2004.

Logene L. Foster, Sugar Land, Stephen A. Doggett, Richmond, for appellants.

Dewey E. Helmcamp, III, Austin, for appellees.

Panel consists of Justices YATES, HUDSON, and FOWLER.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Jose Luis Garza appeals from the district court's order upholding the Texas Alcoholic Beverage Commission's ("TABC") denial of his application to renew a beer and wine retailer's on-premises license and after-hours permit for the Tropicana Night Club in Rosenberg, Texas. We affirm.

### Background

After the TABC denied his application for renewal of a beer and wine retailer's on-premises license and after hours permit for the Tropicana Night Club, Garza submitted an application to the constitutional county court. The county judge conducted an administrative hearing, and on October 28, 1997, signed a judgment denying the application for renewal.[1] In five issues, Garza contends the county judge committed numerous violations of Garza's due process rights under the Texas and United States constitutions, challenges the sufficiency of the evidence to support the county judge's ruling, and argues that various

---

1. On January 9, 1998, Garza appealed the county judge's order to the 268th District Court. The district court vacated the administrative judgment, holding that the county judge had committed reversible error by limiting Garza to presentment of five witnesses. After a second hearing by the county judge, who again denied the renewal, an appeal and petition for review ensued. Because the district court had not rendered judgment on Garza's first appeal within the statutorily-required ten day period, the county court's first judgment denying the renewal request had been affirmed by operation of law. *Garza v. Tex. Alcoh. Bev. Comm'n,* 89 S.W.3d 1, 2, 10 (Tex.2002). Accordingly, the Texas Supreme Court affirmed the court of appeals' judgment, which had dismissed the appeal for want of jurisdiction. *Id.*

provisions of the Texas Alcoholic Beverage Code are unconstitutionally vague.

## Standard of Review

 The county judge acts as an administrative hearing officer for the TABC. *See Lindsay v. Sterling*, 690 S.W.2d 560, 562 (Tex.1985). The findings, inferences, conclusions, and decisions of the county judge are presumed to be supported by substantial evidence, and the burden is on appellant to prove otherwise. *See Texas Health Facilities v. Charter Med.-Dallas*, 665 S.W.2d 446, 453 (Tex.1984). Substantial evidence is not proof beyond a reasonable doubt or even a preponderance of the evidence; it need only be more than a scintilla. *Charter Med.-Dallas*, 665 S.W.2d at 452. An administrative decision is reasonably supported by substantial evidence if the evidence as a whole is such that a reasonable mind could have reached the same conclusion the judge reached in order to justify his decision. *State v. PUC*, 883 S.W.2d 190, 203 (Tex.1994). Evidence may actually preponderate against the decision of an agency and still amount to substantial evidence. *Lewis v. Metro. Sav. & Loan Ass'n*, 550 S.W.2d 11, 13 (Tex. 1977). In applying the substantial evidence test, this court is prohibited from substituting its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion. *Charter Med.-Dallas*, 665 S.W.2d at 452.

 Furthermore, regardless of the county judge's stated reasons for its order, a reviewing court may uphold the decision provided there is *any* valid basis for it in the record. *Four Stars Food Mart, Inc. v. Tex. Alcoh. Bev. Comm'n*, 923 S.W.2d 266, 270 (Tex.App.-Fort Worth 1996, no writ). We may uphold the county judge's decision if there is substantial evidence to support *one* of the reasons given for the judge's decision. *Texas State Bd. of Med. Exam'rs v. Scheffey*, 949 S.W.2d 431, 436 (Tex.App.-Austin 1997, writ denied).

## The Findings of Fact and Conclusions of Law

 We first consider Garza's third issue. Garza argues no substantial evidence supports the county judge's findings of fact, and the judge's conclusions of law are arbitrary. Section 61.42(a)(3) of the Texas Alcoholic Beverage Code states that a county judge shall refuse to approve or renew a license where he or she has reasonable grounds to believe and finds that "the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people." TEX. ALCO. BEV. CODE ANN. § 61.42(a)(3) (Vernon 1995). Deciding how a business's operation might jeopardize the general welfare, health, peace, morals, safety, and sense of decency of the community is left to the sound judgment and discretion of the county judge. *See Four Stars Food Mart, Inc.*, 923 S.W.2d at 272.

The county judge made the following findings of fact relevant to our determination of whether substantial evidence exists to support its ruling denying renewal of the license:[2]

- Agent Roland Garza of the TABC testified that the TABC filed three administrative actions against Jose Luis Garza for sales to intoxicated persons, and Jose Luis Garza agreed to a seven-day suspension for one of those ac-

---

2. The county judge's findings of fact and conclusions of law are factually detailed and lengthy, but for purposes of our opinion, we need only discuss those fact findings pertinent to our inquiry into whether substantial evidence supports the county judge's decision.

tions. Agent Garza also testified that the Tropicana Night Club is a "bad place" and attracts a criminal element; traffic conditions at the club are dangerous; and there are frequent incidents of disorderly conduct at the Tropicana Night Club. Agent Garza also testified that he had many discussions with Jose Luis Garza regarding minors drinking on the club premises, serving intoxicated persons, heavy traffic, and lack of adequate parking.

- Robert Gracia, Chief of Police of the City of Rosenberg, testified that the Tropicana Night Club is a high-crime area; the Rosenberg police had responded to calls on or around the Tropicana 334 times within the two years preceding the hearing; and Rosenberg police officers were assaulted on some occasions when arrests were made. Chief Gracia testified that Rosenberg had protested the renewal of the club's license in 1994 and the Rosenberg City Council unanimously voted to protest Garza's renewal application. He further testified that the club has inadequate security for the club itself and its parking lot, the City of Rosenberg had to supply police officers for traffic control when the club closes at night, the club fosters and attracts a criminal element, and there is excessive noise as a result of the conduct of the club. Furthermore, Chief Gracia reported that the police department had received numerous reports from residents at or around the Tropicana Night Club regarding club customers urinating in their yards, thefts, assaults, vandalism, and drug use by club customers.

- Sergeant John Placette of the TABC testified that he put Garza in touch with Chief Brady of the Fort Bend Sheriff's Department to facilitate Garza obtaining security from the Sheriff's Department for the club. Sergeant Placette testified that Garza entered into two written agreements with Chief Brady in February of 1997, with a provision that Garza would send his employees to a seller training course to avoid sales of alcohol to intoxicated persons and minors. Sergeant Placette testified that Garza breached the agreements. Sergeant Placette supervised an undercover agent to determine if Garza changed his policies pursuant to the two letter agreements with Chief Brady. The undercover agent observed sales to intoxicated persons after Garza entered into the two agreements. Sergeant Placette also testified that the club had inadequate parking and the club served alcohol to minors and intoxicated persons, exacerbating law enforcement problems at the Tropicana Night Club.

- Garza has caused alcoholic beverages to be sold to intoxicated persons and to minors. He also has allowed minors to illegally possess and consume alcoholic beverages on the club premises.

- Garza has knowledge of the criminal activity at the club and has failed to remedy the situation.

- The conduct of Garza's business has created a dangerous traffic hazard and created a nuisance to the residents in the surrounding area, which is primarily residential, and greatly jeopardized their safety.

- Garza has conducted his business in a manner that driveways and alleys have been blocked or obstructed by customers' parking.

- Disorderly conduct by juveniles and adults frequently occurs at the Tropicana Night Club, and juvenile curfew

violations have occurred on the club premises.

- During the time period relevant to the hearing, the TABC has filed 15 citations for public intoxication, 9 for minors in possession of an alcoholic beverage, 1 for sale of alcohol to an intoxicated person, 6 for misdemeanor offenses, and 3 administrative cases relating to sales to intoxicated persons in relation to the operation of the Tropicana Night Club.

- Records of the Justice of the Peace Court reflect that for a two-year period preceding the hearing, there were 80 citations for minors in possession, 24 for public intoxication, and 12 for disorderly conduct as a result of the operation of the Tropicana Night Club.

- The Fort Bend Sheriff's Department has filed 25 citations and/or arrests for public intoxication, 11 for disorderly conduct, and 77 for minors in possession of alcoholic beverage relating to the operation of the Tropicana Night Club.

- The Rosenberg Police Department has filed 28 citations and/or arrests for public intoxications, 6 for assault, 6 for disorderly conduct, 7 for curfew violations, 1 for possession of drug paraphernalia, 3 for minors in possession of an alcoholic beverage, and 1 for failure to supervise a minor in relation to the operation of the Tropicana Night Club.

- Convictions in district court relating to the operation of the Tropicana Night Club include 2 assaults on a police officer, one class A misdemeanor, and one aggravated assault.

- Convictions in county court relating to the operation of the Tropicana Night Club include one interference with a public servant (police officer), one possession of marijuana, one class A assault, one class A assault/bond forfei-

ture, and one juvenile adjudicated guilty of delinquent conduct.

The county judge denied Garza's renewal application on a number of grounds enumerated in the county judge's conclusions of law, one of which is that the place or manner in which Garza conducts his business warrants a refusal of a renewal license based on the general welfare, health, peace, morals, safety, and sense of decency of the people. *See* TEX. ALCO. BEV.CODE ANN. § 61.42(3). After reviewing the record, we conclude substantial evidence in the record supports the county judge's decision. The extensive testimony of Agent Garza, Chief Gracia, and Sergeant Placette, as well as the numerous exhibits admitted during the hearing, supports the county judge's findings of fact and conclusions of law.

▬▬▬ In his fourth issue, Garza contends that the county judge's findings of fact and conclusions of law are not accompanied by a statement of the underlying facts, which he claims is required by section 2001.141(d) of the Administrative Procedure Act. Section 2001.141 provides that if findings of fact are set forth in statutory language, they "must be accompanied by a concise and explicit statement of the underlying facts supporting the findings." TEX. GOV'T CODE ANN. § 2001.141 (Vernon 2000). However, "[a]lthough all administrative decisions in contested cases must include fact findings, no precise form is required for stating the underlying facts." *Brantley v. Tex. Alcoh. Bev. Comm'n*, 1 S.W.3d 343, 346 (Tex.App.-Texarkana 1999, no pet.) (citing *Goeke v. Houston Lighting & Power Co.*, 797 S.W.2d 12, 15 (Tex.1990)). "The Texas Supreme Court has made it clear that reviewing courts should not subject administrative decisions to a hypertechnical standard of review." *Id.* (citing *Goeke*, 797 S.W.2d at 15).

Here, the county judge's fact findings informed the parties and the courts of the basis for the decision, allowing the parties to prepare their appeal and receive proper appellate review by the district court and this court. The findings of fact set forth in detail the wrongful conduct that is the basis for and supports the county court's decision. The findings are not couched in statutory terms, and they are supported by conclusions of law. That is all that is required. *See id.* ("It is only required that the fact findings inform the parties and the courts of the basis for the decision so the parties may intelligently prepare an appeal and the courts may properly exercise their review.") (citing *Goeke,* 797 S.W.2d at 15). Thus, appellant's third and fourth issues are overruled.

### Constitutionality of Section 61.42(a)(3)

In his fifth issue, Garza challenges the constitutionality of section 61.42(a)(3)[3] of the Alcoholic Beverage Code. Garza argues that the provision is unconstitutionally vague under the Texas and United States constitutions because it fails to define key words or phrases in such a manner that it provides sufficient and fair notice to licensees as to the proscribed conduct. He also argues that section 61.42(a)(3) invites arbitrary and discriminatory enforcement by failing to establish guidelines for those charged with enforcing the law. This court has previously considered and rejected an argument that section 61.42(a)(3) is unconstitutionally vague. *See El–Kareh v. Tex. Alcoh. Bev. Comm'n,* 874 S.W.2d 192, 196–97 (Tex.App.-Houston [14th Dist.]

1994, no writ) (citing *Helms v. Tex. Alcoh. Bev. Comm'n,* 700 S.W.2d 607, 614 (Tex.App.-Corpus Christi 1985, no writ)).

■ Garza also contends that sections 61.43(a)(3), 61.43(a)(4), 61.43(a)(9), 61.43(a)(10), 101.62, 101.63, and 101.69 of the Alcoholic Beverage Code are unconstitutional because of vagueness. However, we need not address the constitutionality of these statutory provisions because we have affirmed the county judge's ruling based on section 61.42(a)(3). *See Scheffey,* 949 S.W.2d at 436 (affirming judgment of trial court on the basis that substantial evidence supported one of the reasons given for the judge's decision). Thus, Garza's fifth issue is overruled.

### Inadmissible Evidence

■ In his second issue, Garza contends the county judge abused his discretion by admitting legally inadmissible evidence during the hearing and requests this court to vacate the judgment. Garza, however, does not inform this court of the evidence to which he is referring, why the evidence is inadmissible, or how its admission substantially prejudiced his rights. Accordingly, Garza has waived this issue by failing to properly brief it. *See* TEX. R.APP. P. 38.1(h).

### Limits on Evidence

In his first issue, Garza makes a number of arguments, which he has categorized by subissues. Garza generally alleges he was deprived of due process under the Texas and United States constitutions because he did not have a fair hearing. In subissue

---

**3.** Section 61.42 provides in pertinent part as follows:

(a) The county judge shall refuse to approve an application for a license as a distributor or retailer if he has reasonable grounds to believe and finds that:

. . .

(3) the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people;

TEX. ALCO. BEV.CODE ANN. § 61.42(a)(3).

1A, Garza challenges the county judge's limitation of both sides to five witnesses. Garza claims that he was unable to rebut the testimony of the City of Rosenberg's witnesses because of the limit on the number of witnesses. In subissue 1B, Garza also claims that the county court would not allow him to offer any evidence to refute evidence that a disproportionate amount of time was spent by the Rosenberg Police Department in policing the Tropicana Night Club.

After the parties informed the county judge of the witnesses they intended to call and the scope and intended purpose of their testimony, the judge limited each party to the presentment of five witnesses. When Garza had called five witnesses during his case-in-chief, the county judge reminded the parties of the limit and noted that the parties had already put on cumulative testimony. Section 2001.082 of the Government Code provides that "in a contested case, evidence that is irrelevant, immaterial or unduly repetitious shall be excluded." TEX. GOV'T CODE ANN. § 2001.082 (Vernon 2000). Furthermore, a provision of the Administrative Code in effect at the time of the hearing gave the county judge the "right ... to limit the number of witnesses whose testimony is merely cumulative." 16 TEX. ADMIN. CODE § 37.33 (repealed 2001). Accordingly, the county judge did not abuse his discretion because the limitations imposed were proper to avoid to immaterial, irrelevant, and unduly repetitious evidence. *See id; see also* TEX. GOV'T CODE ANN. § 2001.082.

Even with the limitation of five witnesses, the contested hearing consisted of 12 days of testimony, including five days of cross-examination of Chief Gracia by Garza's counsel. Garza's counsel questioned Chief Gracia extensively about the Rosenberg Police Department's involvement with the Tropicana Night Club, as well as the department's responses to calls relating to other bars or night clubs and citations or crimes arising out of other night clubs and bars. The county judge imposed only a few limits on Garza's examination, and Garza had ample opportunity to cross-examine the City of Rosenberg's witnesses. To the extent he did impose some limits, the county judge was well within his discretion to do so. "[D]ue process does not require that administrative proceedings have the full procedural framework of a civil trial." *City of Corpus Christi v. Pub. Util. Comm'n of Texas,* 51 S.W.3d 231, 261 (Tex.2001) (disapproving limitation of 39 minutes to cross-examine 36 witnesses, which was further reduced by any time used to present opening statement); cf. *Rector v. Tex. Alcoh. Bev. Comm'n,* 599 S.W.2d 800, 800 (Tex.1980) (petitioner was denied due process because he was denied the right to cross-examine any witnesses and witnesses were not sworn).

### Discovery

In subissue 1C, Garza contends the county judge erred by not allowing him to compel discovery and by quashing subpoenas for records showing activity at similar clubs. The record reflects that Garza's counsel extensively questioned witnesses, including Chief Gracia and Sergeant Placette, about clubs similar to the Tropicana Night Club and police enforcement at those clubs. As we noted above, the county judge is required to exclude evidence that is irrelevant, immaterial or unduly repetitious. *See* TEX. GOV'T CODE ANN. § 2001.082. The county judge could have considered additional evidence of activity at other clubs similar to the Tropicana Night Club as irrelevant or unduly repetitious. Consequently, the county judge had the discretion to quash subpoenas seeking additional discovery relating

to those clubs on the grounds that the discovery sought was not relevant and the burden of seeking the materials outweighed its value, considering that Garza did and could question witnesses about police enforcement at other bars or night clubs. *See generally St. Luke's Episcopal Hosp. v. Garcia*, 928 S.W.2d 307, 310 (Tex. App.-Houston [14th Dist.] 1996, orig. proceeding) (listing factors relevant to determining whether subpoena duces tecum is unreasonable or oppressive as including quantity of materials, ease or difficulty of collecting and transporting the materials, length of time before deposition, availability of the information from other sources, and relevance of the materials).

■■■■ In subissue 1E, Garza argues the county judge improperly admitted documents and witness testimony not timely produced or disclosed during discovery despite his timely objections to the evidence. Garza only cites "numerous police reports" as an example of evidence that was admitted although it was not timely produced, but he otherwise fails to develop this argument on appeal. He does not refer to particular witnesses or to particular witness testimony that was improperly admitted. Nor does he cite to any specific documents improperly admitted into evidence. Accordingly, Garza has waived this issue on appeal by improperly briefing it. *See* Tex.R.App. P. 38.1(h).[4]

**Statutory Notice of Hearing**

■■■■ In subissue 1D, Garza argues the county judge allowed inadequate notice of the hearing and admitted evidence outside the scope of the notice. Garza's claim that the notice was inadequate lacks merit. Section 2001.051 of the Administrative Procedure Act provides that in a contested hearing, each party is entitled to an opportunity "for hearing after reasonable notice of not less than 10 days" and "to respond and to present evidence and argument on each issue involved in the case." Tex. Gov't Code Ann. § 2001.051 (Vernon 2000). Section 2001.052 sets forth the mandatory requirements of the notice. The notice must include (1) a statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and rules involved; and (4) a short, plain statement of the matters asserted. Tex. Gov't Code Ann. § 2001.052(a) (Vernon 2000). An initial notice may be limited to a statement of the issues involved. *Id.* § 2001.052(b). The original notice contained the date of the hearing, location and time. It also cited section 61.42(a)(3) of the Alcoholic Beverage Code as the basis for refusal of the permit's renewal. The notice also referred

4. In any event, we have reviewed the record, and Garza's counsel's objection that documents were admitted during the testimony of Chief Gracia, which were not made available to him during discovery, is without merit. Counsel for the City of Rosenberg informed the court that the documents were provided to Garza as soon as practicable. Garza incorrectly argued that discovery could not be produced to him during the hearing or after its start under any circumstances. That is not a correct interpretation of relevant Texas authority. *See* Tex.R. Civ. P. 193.6(a) (stating that party who fails to timely make, amend, or supplement discovery before trial may not introduce evidence or offer testimony of witness not timely disclosed, unless the trial court finds there was good cause for the failure to timely make, amend, or supplement the discovery response or the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties). Here, Garza was afforded ample opportunity to examine the records, and he was able to extensively question witnesses regarding the documents. Garza does not show how he was unfairly prejudiced by the admission of any documents or the testimony of any witnesses.

to a list of incidents that occurred at or near the Tropicana Night Club during the two years preceding the date of the notice. In response to objections Garza filed, the City of Rosenberg filed a motion for an amended notice and requested that Garza be given 14 days to complete his investigation. The amended notice charged the Tropicana Night Club and Garza with additional violations of the Alcoholic Beverage Code and described other complaints and incidences. Sections 2001.051 and 2001.052 do not require the notice to describe in detail—by name, place or date—every instance, conduct, or criminal offense giving rise to the TABC's denial of Garza's renewal application. Only a short and plain statement of the matters asserted is required. These notices gave Garza sufficient notice. *See, e.g., Tex. Alcoh. Bev. Comm'n v. Mini, Inc.,* 832 S.W.2d 147, 151 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (concluding that notice charging the permittee with allowing a breach of the peace to occur on his premises was not unconstitutionally vague and complied with statute requiring a short and plain statement of matters asserted, even though it did not identify the persons who should have been supervised by the permittee *or in what manner the person* should have been supervised). Garza's claim that evidence was admitted outside the scope of the notice has not been properly briefed. He does not inform this court what evidence was admitted outside the scope of the notice, and accordingly, has waived this complaint on appeal. *See* Tex.R.App. P. 38.1(h).

Having addressed each of Garza's subissues, we overrule Garza's first issue.

The judgment of the district court is affirmed.