Affirmed and Memorandum Opinion filed July 26, 2007








Affirmed and Memorandum Opinion filed July 26, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00731-CV

____________

 

TEMPLE B. PAGE, Appellant

 

V.

 

MAUREEN LORRAINE HULSE, Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 2005-40275

 



 

M E M O R A N D U M   O P I N I O N

In five issues, appellant Temple B. Page appeals the trial
court=s award of damages
following his successful claim against appellee Maureen Lorraine Hulse for
breach of their lease agreement.[1] 
We affirm.

 

 








I.  Factual and Procedural Background

Hulse entered into an agreement to lease residential
property from Page from August 13, 2004 to August 31, 2005 for $1050 per
month.  Hulse vacated the property in January 2005, before the lease expired,
and failed to pay the remaining rent due under the agreement from January
through August 2005.  The lease provides that a tenant defaults by failing to
timely pay Aall amounts due@ or otherwise
failing to comply with the lease and that, if the tenant so defaults, Aall unpaid rents
which are payable during the remainder of [the] lease . . . will be accelerated
without notice or demand.@  Page sued Hulse for breach of the lease
agreement, alleging she defaulted on rental payments and failed to give notice
of abandonment of the property.  He sought $9091.41 in damages, which is the
unpaid rent from January through August 2005 plus various other costs allegedly
owed under the lease agreement. 

At a bench trial, Hulse conceded she vacated before the
lease expired.  However, she maintained that, because the manager of the
property and designated contact under the lease, Eric Baumgart, would not
respond to her repeated requests for written permission to secure a new tenant
to sublease the property for the remainder of the lease, she owed Page only the
unpaid rent for January 2005, not the entirety of the unpaid rent.  The lease
agreement provided that tenants could not sublease the property without the
landlord=s written consent
and that the landlord Amay, but is not obligated to, attempt to
find a replacement tenant@ upon a request from a tenant who
terminates the lease early.  Baumgart testified during direct examination by
Page that Hulse never attempted to resolve or settle the damages for breaching
the lease.  








In support of her position, during her cross-examination of
Baumgart, Hulse offered various letters[2]
and email correspondence exchanged between January and April 2005, in which she
and Baumgart discussed arrangements for leasing the property.  In a letter
dated January 27, 2005, Hulse informed Baumgart she could no longer afford to
lease the property, stated she would Abe moved out by
the end of the month,@ and requested permission to find a new
tenant to sublet the property.  In email correspondence dated February 12,
Hulse informed Baumgart she had vacated the property and sought permission to Arun an ad to get
[the property] leased out for $1,050 to cover [her] obligation until August[.]@  In the reply
email, which Baumgart recognized as his own, Baumgart stated that because he
was out of the country, they could Adiscuss [Hulse=s] mitigation of
damages by assisting in the re-leasing of the property@ upon his return
the following week.  Hulse testified she thereafter repeatedly attempted to
contact Baumgart seeking permission to arrange a sublease, and he never
responded.  Moreover, in a letter dated March 17, 2005, Hulse sought
confirmation from Baumgart that he had in fact leased the property to a new
tenant, explaining that she observed garbage in the property=s garbage cans and
other indicators of occupancy.  According to Baumgart, he attempted
unsuccessfully to lease the property shortly after Hulse vacated.

The trial court found that Hulse breached the lease and
awarded Page actual damages of $1516.41, which represents the sum of the unpaid
rent from January and February 2005, late rental fees, and other costs provided
for under the lease less an offset for Hulse=s $1050 security
deposit that Page did not refund.  The trial court explained in its findings of
fact and conclusions of law[3]
that it awarded only the unpaid rent from January and February 2005 because








[Page] mitigated his rental damage or loss caused by [Hulse=s] breach of the lease by
re-letting the Property in March of 2005, or [Page] did not mitigate his rental
damages or loss caused by [Hulse=s] breach of the lease by using reasonable means in an
attempt to re-let the Property and reduce [Hulse=s] liability.  

Page now claims the trial court erred in failing to award
the full amount of damages he sought because the court relied on improperly
admitted mitigation evidence to reduce the damage award.

II.  Standard of Review

We review a trial court=s decision to
admit or exclude evidence for an abuse of discretion.  Interstate
Northborough P=ship v. State, 66 S.W.3d 213,
220 (Tex. 2001).  A trial court abuses its discretion when it acts Awithout regard for
any guiding rules or principles.@ City of
Brownsville v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995).  To obtain
reversal of a judgment based on an error in admitting or excluding of evidence,
the appellant must show the error probably resulted in an improper judgment.  Interstate
Northborough, 66 S.W.3d at 220. 

III.  Analysis

In issue one, Page complains the trial court erred in
failing to award Aall the damages and relief sought.@  Specifically, he
contends he introduced sufficient evidence of damages, that Hulse failed to
respond with Aany relevant or admissible evidence . . . sufficient
to establish . . . that the damages . . . sought should have been mitigated or
reduced,@ and that Hulse Aagreed that the
damages sought . . .were appropriate@ because she
failed to respond to Page=s requests for admissions.  In issue two,
Page contends the court erred in considering Adocuments,@ Hulse=s Atesti[mony],@ and Atestimony from a
witness@ that was Ainadmissible and
irrelevant as a matter of law@ because Hulse failed to produce such
evidence before trial pursuant to his requests for admissions, disclosures, and
production.  













Page correctly states that matters in timely filed requests
for admission are deemed admitted against a party who fails to timely serve
responses and that a party who fails to properly respond to discovery requests
generally may not introduce the requested evidence.  See Tex. R. Civ. P. 193.6(a), 198.2(c). 
Page=s contentions
nonetheless fail for several reasons.  First, in his brief, he fails to specify
what testimony, documents, or other evidence the trial court improperly
admitted and has thus waived this issue for improper briefing.  See Tex. R. App. P. 38.1(h); Garza v.
Tex. Alcoholic Beverage Comm=n, 138 S.W.3d 609,
618 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (holding appellant
waived complaint that court improperly admitted testimony and documents
untimely produced or disclosed during discovery because he cited only one
example of improperly admitted evidence and otherwise failed to specify which
evidence was improperly admitted).  Moreover, our record does not contain a
copy of Page=s requests for admissions, disclosures, or production.[4] 
Without reviewing these requests, we cannot properly determine whether Hulse=s alleged deemed
admissions in fact constituted an admission of Page=s requested
damages or whether Page in fact requested the information, witnesses, and
documents he now generally alleges Hulse failed to disclose and produce.  See W & F Transp., Inc. v.
Wilhelm, 208 S.W.3d
32, 37 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (noting that
historically, burden falls on appellant to provide sufficient record to show
reversible error); Santos v. Comm=n for Lawyer
Discipline, 140 S.W.3d 397, 403B04 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (rejecting appellant=s complaint that
trial court improperly admitted evidence of attorney=s fees under Rule
193.6 after appellee failed to disclose such evidence in discovery because
record did not contain discovery requests in question and it was unclear
whether alleged requests were made).  Finally, a trial court has discretion to
admit undisclosed material if it finds no unfair prejudice.  See Tex. R. Civ. P. 193.6(a)(2).  The
record indicates Page twice examined Hulse regarding the copies of the
correspondence she sent to BaumgartCeliciting her
admission that she had no proof Baumgart received the lettersCand otherwise
substantially presented his case.  As such, we cannot say Page was unfairly
prejudiced by the trial court=s admission of Hulse=s evidence.  See,
e.g., Garza, 138 S.W.3d at 618 n.4 (holding appellant was not
unfairly prejudiced by admission of untimely disclosed documents because he was
afforded ample opportunity to examine records and was able to extensively
question witnesses regarding documents).  We overrule issues one and two.  








In issue three, Page contends the trial court erred in
considering Hulse=s Aaffirmative
defense@ that she had a
legal right to find a replacement tenant under the terms of the lease agreement
because she filed only a general denial and failed to specifically plead this
defense.  In its findings of fact and conclusions of law, the trial court
offered the following alternative bases for its decision not to award Page
damages for the unpaid rent from March through August 2005:  (1) Page failed to
mitigate his damages by using reasonable means to lease the property, namely
failing to give Hulse the opportunity to find a new tenant or (2) Page in fact
mitigated his damages by leasing the property to a new tenant in March 2005. 
The first basis constitutes an affirmative defense that a tenant must
specifically plead, and we agree Hulse failed to so plead because she filed
only a general denial.  See Austin Hill Country Realty, Inc. v. Palisades
Plaza, Inc., 948 S.W.2d 293, 300 (Tex. 1997) (holding that tenant must
plead claim that landlord failed to mitigate damages as affirmative defense). 
However, the second basis constitutes a rebuttal to the landlord=s claim of
damages, which a tenant may properly raise under a general denial.  See id.
(holding that tenant=s evidence of landlord=s mitigation tends
to rebut measure of damages under landlord=s claim of breach
and may be admitted under general denial).  Thus, although Hulse filed only a
general denial, the trial court properly admitted evidence tending to rebut
Page=s claim of damages
for unpaid rent from January to August 2005, namely the March 17, 2005 letter
stating Hulse observed signs that the property had been leased.  Because Page
does not challenge this independent basis for the trial court=s award of
damages, we must affirm the court=s judgment.  See
Long v. Long, 196 S.W.3d 460, 468 (Tex. App.CDallas 2006, no
pet.) (holding that when separate and independent ground that supports judgment
is not challenged on appeal, appellate court must affirm);  Britton v. Tex.
Dep=t of Criminal Justice, 95 S.W.3d 676,
681 (Tex. App.CHouston [1st Dist.] 2002, no pet.) (same).  We
overrule issue three.

In issue four, Page contends the trial court erred in
offsetting the damage award by crediting a security deposit that Page did not
refund to Hulse because Hulse failed to raise her entitlement to the security
deposit as an affirmative defense or counterclaim.  After the close of
evidence, the trial court allowed Hulse and Baumgart to testify about the
security deposit, and Page failed to object to their testimony.  Moreover, he
failed to raise an objection regarding the security deposit in his post-trial
motion to reform the judgment.  Therefore, Page cannot assert this complaint
for the first time on appeal.  See Tex.
R. App. P. 33.1(a).  We overrule issue four.

In issue five, Page complains the trial court erred in
failing to award him the Acosts of litigating this matter pursuant
[to] law and Paragraph 29 of the lease agreement.@  Paragraph 29 is
entitled AAttorney=s Fees@ and provides that
the prevailing party in a legal proceeding brought under the lease is entitled
to attorney=s fees and various other litigation costs.  Page
failed to object to the court=s failure to award attorney=s fees and costs
either during trial or in his post-trial motion to reform the judgment.  As
such, he cannot complain about such failure for the first time on appeal.  See
id.; In re A.A.F., 120 S.W.3d 517, 519 (Tex. App.CDallas 2003, no
pet.) (holding appellant waived complaint that trial court failed to award
attorney=s fees because she
failed to raise issue during trial or in post-judgment motion).  We overrule
issue five.

 

 

 

 








Having overruled all of Page=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 26, 2007.

Panel consists of
Justices Yates, Edelman, and Seymore.    









[1]  Both parties have represented themselves throughout
this litigation, including this appeal, but Hulse did not file an appellate
brief with this court.  





[2]  Hulse conceded she did not send any letters to
Baumgart by certified mail and that she had no proof he received any of them. 
Baumgart stated generally that he did not recognize any of the letters.    





[3]  Page correctly notes in his brief that the trial
court untimely filed its findings of fact and conclusions of law.  However, we
will not disregard the court=s untimely
findings and conclusions because (1) Page does not affirmatively request us to
do so or otherwise allege harm from the untimely findings and conclusions, (2) the
trial court filed them one week before Page=s
deadline for filing his brief to this court, and he failed to request an
extension of the deadline to file his brief, and (3) Page included a copy of
them in his brief=s appendix, indicating he had an opportunity to review
them.  See Silbaugh v. Ramirez, 126 S.W.3d 88, 91B92 (Tex. App.CHouston
[1st Dist.] 2002, no pet.) (finding no harm from untimely filed findings and
conclusions where neither party alleged harm and neither party requested
abatement of appeal); cf. Robles v. Robles, 965 S.W.2d 605, 610B11 (Tex. App.CHouston
[1st Dist.] 1998, pet. denied) (finding no harm from untimely filed findings
and conclusions because appellant was granted leave to file amended brief
addressing untimely findings and conclusions).





[4]  Our record contains only a document entitled APlaintiff=s
Amended Certificate of Discovery on Defendant Maureen Lorraine Hulse,@ which is signed by Page and states that Page served
Hulse with two sets of requests for admissions, disclosure, and production.