The TEXAS WORKFORCE
COMMISSION,
Appellant

v.

The HARRIS COUNTY APPRAISAL
DISTRICT, Appellee

NO. 14–14–00631–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed March 31, 2016

Alison Dawn Andrews, Austin, TX, for appellant.

Brian J. Begle, Houston, TX, for appellee.

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

## OPINION

J. Brett Busby, Justice

This case stems from the Texas Workforce Commission's award of unemployment benefits to several former members of the Harris County Appraisal Review Board. Appellant Texas Workforce Commission challenges the trial court's orders denying the Commission's motion for summary judgment and granting summary judgment in favor of appellee Harris County Appraisal District (HCAD). The

Commission argues that the trial court erred by setting aside entirely the Commission's decisions awarding unemployment benefits to the former Board members because in doing so, the trial court granted relief that was not requested. The Commission also contends that the trial court erred in granting HCAD's motion for summary judgment and denying the Commission's motion because substantial evidence supports the Commission's unemployment decisions.

We hold that the Board members do not fall within an exception for services rendered as a member of the judiciary and that substantial evidence supports the Commission's decisions that the Board members received wages from HCAD for employment. We therefore reverse the trial court's summary judgment and render judgment in the Commission's favor. Because we do so, we need not address whether the trial court granted more relief than requested in its order setting aside the Commission's unemployment decisions.

## BACKGROUND

The Harris County Appraisal Review Board was created by the Legislature to provide, among other things, an administrative remedy for property owners who wish to protest appraisals by HCAD. *E.g.*, Tex. Tax Code Ann. § 41.01 (West 2015). Board members hear and determine property tax disputes.

Each of the former Board members in this case named HCAD as a former employer when filing a claim for unemployment benefits.[1] The Texas Workforce Commission subsequently awarded unemployment benefits to the former Board members, ruling that they qualified as employees of HCAD under the Texas Unemployment Compensation Act (Chapters 201–215 of the Labor Code) and that HCAD's account would be charged for the benefits. Many of the unemployment decisions also contained rulings that the former members correctly identified their last work and were not separated from their last work due to misconduct.[2] The Commission concluded that the Board members were eligible for unemployment compensation.

In particular, the Commission's Appeal Tribunal found the following facts regarding the relationship between HCAD and the Board members:

> The HCAD does a background check on prospective [Board] appointees to assist the [Administrative] District Judge in his appointment of individuals to the [Board]. From the pool of [Board] members appointed by the District Judge, the Board of Directors of the HCAD designates a Chairman, who controls assignment of [Board] members as needed to three-member panels for hearing property owner protests.

> The HCAD pays for the mandatory training of [Board] members for their job duties and provides space and clerical support for [Board] activities, which are conducted on HCAD premises. The HCAD mandates use of its timekeeping

1. Charles McKirahan, Valleda Crump, Ronald Hastik, Dempsey Wells, Michael Marshall, Diane Jobin, Monarchie Clay, Laura Bass, Melia Wichmann, Phil Ross, Janet Sheffield, Gerald Chrissenberry, Reese Buggs, Forrest Cresswell, and Cynthia Spooner are the former Board members who filed the unemployment claims that led to this case.

2. Section 207.044 of the Texas Labor Code, entitled "Discharge for Misconduct," provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount. Tex. Labor Code Ann. § 207.044 (West 2015).

system by [Board] members and pays [Board] members from the HCAD budget at a rate set by the HCAD. The HCAD withholds money from [Board] member paychecks and provides a W–2 form to [Board] members for tax purposes.

[Board] members can resign their appointment at any time without economic penalty. [Board] members are precluded from pursuing outside activities that would conflict with their [Board] duties.

Based on these findings, the Appeal Tribunal concluded that "[t]he relationship between the HCAD and the [Board] members is that of Employer/Employee because the HCAD exercises extensive control and direction over the work done by the ARB members." The Tribunal then reached the following conclusions regarding "the manner in which the control is exercised":

- HCAD performs background checks on prospective [Board] members.
- HCAD designates the Director of the [Board], who controls assignments for [Board] members.
- HCAD pays [Board] members using the HCAD timekeeping system.
- HCAD pays [Board] members from the HCAD budget at a rate set by the HCAD.
- HCAD withholds money from [Board] paychecks.
- HCAD issues W–2 form to [Board] members.
- HCAD pays for the training of [Board] members.
- HCAD provides clerical support and equipment for use by [Board] members.

---

3. The Commission also was named as a defendant in each of the cases.

- HCAD and [Board] members have a continuing relationship.

The Commission affirmed the Appeal Tribunal and adopted these findings and conclusions.

After exhausting its administrative remedies, HCAD filed lawsuits against each of the former Board members seeking judicial review of the Commission's decisions.[3] The cases were later consolidated. The Commission filed a motion for summary judgment asserting that the Board members were HCAD's employees and substantial evidence supported the Commission's determination that the Board members were qualified for unemployment benefits. HCAD filed an amended motion for summary judgment asserting only that the Board members were not its employees.[4] Each side then filed a response to the other's motion.

The trial court granted HCAD's motion and denied the Commission's motion. In its order denying the Commission's motion, the trial court wrote that it "sets aside" the Commission's unemployment decisions awarding benefits to the former Board members. The Commission filed a motion for new trial. After a hearing, the trial court denied the motion. The Commission challenges these rulings in this appeal.

## ANALYSIS

The Commission presents three issues on appeal. In its first issue, the Commission asserts that the trial court erred in treating the question whether Board members were employees of HCAD as dispositive of all issues and thus setting aside in their entirety the Commission's decisions

---

4. The record indicates that HCAD previously had filed a motion for summary judgment in the case against Charles McKirahan, and the trial court denied the motion.

awarding unemployment benefits to former Board members. The Commission contends that in doing so, the trial court awarded more relief than was requested in HCAD's motion for summary judgment, in which HCAD asserted only that the Board members were not HCAD employees and did not seek to foreclose benefits that might be available on some other basis.

The Commission also argues in its second and third issues that the trial court erred in granting HCAD's motion for summary judgment and denying the Commission's motion because substantial evidence supports the Commission's unemployment decisions. Because we agree that the Commission was entitled to summary judgment, we need not address whether the trial court granted more relief than requested in its order denying the Commission's motion for summary judgment. See Tex. R. App. P. 47.1.

## I. Standard of review

Courts review decisions of the Commission regarding unemployment benefits de novo to determine whether there is "substantial evidence" to support the decisions. See Tex. Labor Code Ann. § 212.202 (West 2015); McCrory v. Henderson, 431 S.W.3d 140, 142 (Tex. App.–Houston [14th Dist.] 2013, no pet.). Substantial evidence need only be more than a scintilla. Garza v. Texas Alcoholic Beverage Comm'n, 138 S.W.3d 609, 613 (Tex.App.–Houston [14th Dist.] 2004, no pet.). Evidence may preponderate against the decision of an agency, yet still amount to substantial evidence. Id. (citing Lewis v. Metro. Sav. & Loan Ass'n, 550 S.W.2d 11, 13 (Tex.1977)). The Commission's action is presumed valid, and the party seeking to set aside the decision has the burden of showing that it was not supported by substantial evidence. Kaup v. Texas Workforce Comm'n, 456 S.W.3d 289, 294

(Tex.App.–Houston [1st Dist.] 2014, no pet.).

On controverted issues of fact, we may not substitute our judgment for that of the Commission. Tex. Alcoholic Beverage Comm'n v. Cabanas, 313 S.W.3d 927, 930 (Tex.App.–Dallas 2010, no pet.). The Commission's decision may be set aside only if it was made without regard to the law or the facts and, as a result, was unreasonable, arbitrary, or capricious. See Collingsworth Gen. Hosp. v. Hunnicutt, 988 S.W.2d 706, 708 (Tex.1998); Murray v. Tex. Workforce Comm'n, 337 S.W.3d 522, 524 (Tex.App.–Dallas 2011, no pet.).

Because this case comes to us on summary judgment, we determine de novo whether the summary judgment evidence established as a matter of law that substantial evidence did (or did not) support the Commission's decision. Blanchard v. Brazos Forest Prod., L.P., 353 S.W.3d 569, 573 (Tex.App.–Fort Worth 2011, pet. denied). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex.2000). The reviewing court then should render the judgment that the trial court should have rendered, reversing and remanding if the trial court should have denied each motion. FM Props. Operating Co., 22 S.W.3d at 872; Rylie v. Rylie Transports, Inc., 14–13–00282–CV, 2014 WL 4262173, at *2 (Tex.App.–Houston [14th Dist.] Aug. 28, 2014, no pet.) (mem.op.).

## II. Applicable law

Section 207.004 of the Texas Labor Code entitles an individual to benefit wage credits for all wages the individual received for employment. Tex. Labor Code Ann.

§ 207.004(a) (West 2015). "Employment" is defined as

a service performed by an individual for wages or under an express or implied contract of hire, unless it is shown to the satisfaction of the commission that the individual's performance of the service has been and will continue to be free from control or direction under the contract and in fact.

Tex. Labor Code Ann. § 201.041 (West 2015). The statute creates a presumption of employment if the individual receives wages in exchange for a performed service, and the burden then shifts to the remunerating party to establish that the worker's performance of the service is nevertheless free from the remunerating party's control or direction under the contract and in fact. *Id.*; *see Merchant v. State,* 379 S.W.2d 924, 925 (Tex.Civ.App.–Austin 1964, no writ).

### III. Substantial evidence supports the Commission's decisions awarding unemployment benefits to these former Board members.

 The Commission's summary judgment evidence includes wage detail inquiries demonstrating that HCAD paid the former Board members for their services.[5] The evidence also includes Appeal Tribunal Decisions approving claims of unemployment benefits by each of the former Board members, as well as the Commission's decisions adopting and affirming the Tribunal Decisions. The findings and conclusions in the Tribunal Decisions likewise reflect that HCAD paid the members for their service on the Board. In the decisions, the Commission recognizes that HCAD paid the Board members from its budget at a rate it set, withheld money from Board members' paychecks, and issued Internal Revenue Service W–2 forms (wage and tax statements) to Board members.

Because HCAD paid the Board members for their service on the Board, a presumption of employment arose. *See* Tex. Labor Code Ann. § 201.041. To rebut the presumption, HCAD had to establish either that the Board members were exempt from receiving unemployment benefits under the law or that despite compensating Board members for their services, the Board members nevertheless were free from HCAD's control or direction, both contractually and in fact. *Id.*

In its motion for summary judgment in the trial court, and again on appeal, HCAD contends that the former Board members are ineligible for unemployment benefits because (1) they are members of the judiciary, and (2) certain provisions of the Texas Tax Code prevent Board members from being its employees. We address each argument in turn.

### A. Board members are not members of the judiciary.

We begin with HCAD's assertion that Board members are statutorily ineligible to receive benefit wage credits for their service because they qualify as members of the judiciary.[6] Subchapter E of chapter 201 excludes certain services from qualifying as employment under the Texas Unemployment Compensation Act. *See* Tex. Lab. Code Ann. §§ 201.061–201.078 (West 2015). Section 201.063(a)(1) provides that "employment" does not include:

service in the employ of a political subdivision or of an instrumentality of a polit-

---

**5.** Wage detail inquiries were included for all of the former Board members whose claims led to this case.

**6.** The record shows that HCAD raised this argument in the administrative process with respect to the unemployment claims of at least some of the former Board members.

ical subdivision that is wholly owned by one or more political subdivisions:

(A) as an elected official;

(B) as a member of a legislative body;

(C) as a member of the judiciary;

(D) as a temporary employee in case of ... emergency;

(E) in a position that is designated under law as a major nontenured policy-making or advisory position ...; or

(F) as an election official or worker ... [receiving] less than $1,000 [per year].

Tex. Lab. Code Ann. § 201.063(a)(1) (West 2015).

■ The first three exemptions listed in the statute—elected officials, members of a legislative body, and members of the judiciary—apply based on the position a person occupies in our structure of divided government, while the latter three exemptions apply based on a particular function the person performs. So understood, exception (C) is directed to members of the judicial branch of a political subdivision or instrumentality. We conclude that this exception does not apply to members of an appraisal review board because they are participants in an administrative review process, not members of the judicial branch. *See Barshop v. Medina County Underground Water Conserv. Dist.*, 925 S.W.2d 618, 635 (Tex.1996) (explaining that administrative adjudications are executive measures taken in the administration of statutory provisions and do not reflect an exercise of the judicial power assigned to courts, though administrative findings can work in tandem with actions of the judicial

branch to administer justice under appropriate circumstances).

■ As both the Supreme Court of Texas and our Court have explained, an appraisal review board provides an "administrative review process" that is "intended to resolve the majority of tax protests ..., thereby relieving the burden on the court system." *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex.1990); *Harris County Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 367 (Tex.App.–Houston [14th Dist.] 2013, pet. denied).[7] Only after a taxpayer exhausts its administrative remedies before the appraisal review board may it seek judicial review in district court. *Curry v. Harris County Appraisal Dist.*, 434 S.W.3d 815, 825 (Tex.App.–Houston [14th Dist.] 2014, no pet.); *ETC Mktg.*, 399 S.W.3d at 367.

In arguing that Board members are members of the judiciary, HCAD relies primarily on our opinion in *Sledd v. Garrett*, 123 S.W.3d 592 (Tex.App.–Houston [14th Dist.] 2003, no pet.). In that case, we held that board members were entitled to judicial immunity because they were quasi-judicial officers who performed functions similar to those of judges. *Id.* at 594–96.

We conclude that *Sledd* does not override the decisions characterizing an appraisal review board's role as administrative rather than judicial. The entitlement of board members to judicial immunity because they perform quasi-judicial functions as part of an administrative review process does not support HCAD's contention that board members are members of the judiciary for the purposes of the Texas Unemployment Compensation Act. Our

---

7. See also *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501 (Tex.2006) (per curiam); *Starflight 50, L.L.C. v. Harris County Appraisal Dist.*, 287 S.W.3d 741, 745 (Tex.App.–Hous- ton [1st Dist.] 2009, no pet.); *Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416–19 (Tex.App.–Houston [14th Dist.] 2008, no pet.).

conclusion in *Sledd* that board members are entitled to one of the protections also afforded to members of the judiciary because they perform certain similar functions does not mandate that board members should be treated as members of the judicial branch as that concept is traditionally understood. *See Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 645 (1933) (explaining that power of judicial branch includes power to decide issues of fact and questions of law, render judgment, and execute that judgment). As the Commission aptly states in its brief, "That is what makes the position *quasi*-judicial." We reached our conclusion in *Sledd* because, in that context, "[j]udicial immunity furthers the public interest in the administration of justice by allowing judicial officers to be free to act on their own convictions, without fear of personal liability." *Sledd*, 123 S.W.3d at 594. Such a consideration is not present when a former board member initiates a claim for unemployment benefits.

**B. The Tax Code does not negate evidence that these Board members received wages from HCAD for employment.**

■ HCAD next argues that an employment relationship does not exist because certain provisions in the Tax Code prevent it from exercising the necessary level of control over Board members. As noted above, HCAD has the burden to show that the Board members performed their services free from HCAD's control or direction both under the contract and in fact. Tex. Labor Code Ann. § 201.041. To obtain summary judgment and defeat the Commission's cross-motion, HCAD had to establish as a matter of law that substantial evidence does not support the Commission's conclusion that HCAD failed to carry this burden. *Blanchard*, 353 S.W.3d at 573.

The Commission uses a multi-factor test derived from the common law to determine whether an individual is in an employment relationship or is instead an independent contractor. *See* 40 Tex. Admin. Code § 821.5 (2015) (Tex. Workforce Comm'n, Employment Status: Employee or Independent Contractor). A worker is an employee if the purchaser of that worker's service has the right to direct or control the worker, both as to the final results and as to the details of when, where, and how the work is done. *Id.* Control need not actually be exercised, however; if the service recipient has the right to control, employment may be shown. *Id.*

The factors that indicate employment are: (1) whether the worker receives instructions about when, where, and how the work is to be performed; (2) whether the worker receives training by a more experienced worker or whether the worker is required to attend meetings or take training courses; (3) whether the worker's services are integrated, as the services of an employee are usually merged into the remunerating entity's overall operation; the entity's success depends on those workers' services; (4) whether the worker renders services personally, as employees do not hire their own substitutes or delegate work to them; (5) whether hiring, supervising, and paying helpers is done by the entity; (6) whether there is a continuing relationship, either month after month or year after year; (7) whether the entity sets hours of work, either during hours and days or "on call"; (8) whether working full time is required; (9) whether the entity has a right to mandate the location where services are performed; (10) whether the order or sequence of services are set by the entity; (11) whether submission of oral or written reports is required; (12) whether payment is by the hour, week, or month; (13) whether the entity pays business and travel expenses; (14) whether

tools and equipment are furnished; (15) whether the worker has a significant investment in the business, as an employee typically does not; (16) whether the worker realizes profits or losses in the business; (17) whether the worker is permitted to work for more than one firm at a time; (18) whether the worker makes services available to the public; (19) whether the worker may be discharged at any time without liability; and (20) whether the worker may quit at any time without liability. *Id.* Depending on the type of operation and the services performed, not all factors may apply. *Id.* The weight assigned to a specific factor may vary depending on the facts of the case. *Id.* If an employment relationship exists, it does not matter that the employee is called something different, such as agent, contract laborer, subcontractor, or independent contractor. *Id.*

HCAD cites several Tax Code provisions to support its argument that Board members have no employment relationship with HCAD.[8] For example, HCAD notes that Board members are appointed by the local administrative district judge, *see* Tex. Tax Code Ann. § 6.41(d–1) (West 2015),[9] and that Board members may meet at the call of the Board chairman, not HCAD. *See* Tex. Tax Code Ann. § 6.42(b) (West 2015). HCAD also points out that it cannot provide training for Board members; training materials and curriculum are instead approved and provided by the Comptroller. Tex. Tax Code Ann. § 5.041(a)(1), (c) (West 2015).

We find no indication in the summary judgment record that HCAD cited any of these Tax Code provisions before the Appeal Tribunal or the Commission, much less argued that the provisions precluded HCAD from exercising control sufficient to make the Board members employees.[10] Although the Commission's administrative decisions are reviewed by trial de novo in district court, *see* Tex. Labor Code Ann. § 212.202, the party seeking review must still exhaust its administrative remedies as to each argument it wishes to raise in district court. *See ETC Mktg., Ltd.,* 399 S.W.3d at 369, 371.[11]

The summary judgment record does not include a complete record of the administrative proceedings. The record does show, however, that the Appeal Tribunal and the Commission considered whether the relationship between HCAD and the Board members was that of employer/employee based on the control and direction HCAD exercised over the work done by Board members. Although we do not know the specific arguments presented by HCAD in the administrative forum, nothing in our record reflects that the scope of HCAD's arguments regarding control and

---

8. In addition to provisions discussed elsewhere in this opinion, HCAD cites the following provisions: Tex. Tax Code Ann. §§ 5.041(g), 6.411(a), and 41.66(f) (West 2015) (prohibiting certain communications between board members and appraisal district employees); *id.* § 6.43(a) (authorizing appraisal review board to employ legal counsel).

9. The record also shows, however, that HCAD interviews and performs background checks on prospective Board members. In addition, HCAD determines the size of the Board and may remove Board members without liability for certain specified reasons. Tex. Tax Code Ann. § 6.42(b), (f).

10. The decisions of the Appeal Tribunal and the Commission with respect to each former Board member are included in our record, and no decision mentions these Tax Code provisions.

11. Parties may, however, introduce additional evidence in the district court on trial de novo that bears on arguments exhausted through the administrative process. *See Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986).

direction did not include the matters· addressed by the· Tax Code provisions. We conclude that HCAD has exhausted its administrative remedies regarding its arguments based on the Tax Code provisions. *See Patel v. Harris County Appraisal Dist.*, 434 S.W.3d 803, 813 (Tex. App.–Houston [14th Dist.] 2014, no pet.).

▮ We also conclude, however, that these arguments do not carry HCAD's burden to show that the Commission's decisions were unsupported by substantial evidence. The Tax Code provisions on which HCAD relies do not directly address the question whether members of the appraisal review board are in an appraisal district's employment for purposes of the Labor Code—a question that must be answered using the twenty-factor test.[12] Although the Tax Code provisions could be relevant in evaluating some of those factors (as we discuss below), the provisions do not conclusively demonstrate—even as to those factors—the extent to which an appraisal review board member is free from the control or direction of an appraisal district "in fact" ·under the circumstances of a particular case. Tex. Labor Code Ann. § 201.041. Indeed, nowhere in its summary judgment·motion does HCAD incorporate or refer to evidence—whether from a supporting affidavit or other source—demonstrating compliance with these Tax Code provisions.[13]

Moreover, HCAD cannot carry its burden simply by citing Tax Code provisions indicating freedom from control or direction on some factors. We acknowledge, for example, that receiving some direction from the Board chairman rather than HCAD weighs against treating Board members as employees under factor one, and that a lack of control over training curriculum weighs against employment under factor two.

But we must apply the deferential "substantial evidence" standard of review discussed above. Reviewing the entire record under that standard, we hold that there is also far more than a scintilla of evidence supporting the Commission's decisions. This evidence, which includes the Appeal Tribunal's unchallenged findings and conclusions quoted in the background section above, shows that several factors weigh in favor of the decisions that these former Board members were in HCAD's employment rather than serving as independent contractors.

Regarding factors one, seven, nine, ten, and eleven, HCAD designates the Board's chairman, who assigns Board members to three-member panels to conduct hearings. Board members receive instruction about which matters to hear, when and where hearings are to be held, and the procedures to follow in conducting hearings and issuing written decisions.[14] As to factor

---

12. *See* 40 Tex. Admin. Code § 815.134 (2015) ("Subject to specific inclusions and exceptions to employment enumerated in Chapter 201 of the Act, the Commission shall use the guidelines referenced in § 821.5 of this title as the official guidelines for use in determining employment status.").

13. A court is not required to search the record for evidence raising a material fact issue without specific guidance. *See Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 81 (Tex. 1989) (holding general references to a voluminous record do not direct trial courts and

parties to summary judgment evidence on which the movant relies); *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex.App.–Houston [1st Dist.] 1996, no writ) (stating trial court does not abuse its discretion when it does not consider summary judgment evidence to which it was not directed).

14. Of course, as HCAD points out, it does not control the content of any particular Board decision. If HCAD disagrees with an order of the Board, its remedy is to appeal. *See* Tex. Tax Code Ann. § 42.02 (West 2015).

two, HCAD paid for the Board members' mandatory training, which occurred on HCAD's premises.[15] Factor four is present because Board members conduct hearings personally.

Turning to factors five and fourteen, HCAD provided clerical support, facilities, and equipment for use by the Board members. Regarding factor six, the Board members had a continuing relationship with HCAD. Factor twelve likewise weighs in favor of employment, as HCAD required the Board members to use its timekeeping system, paid the Board members either by the hour or a flat rate for days in which the member worked more than eight hours, withheld money from their paychecks, and issued them W-2 forms reporting wages paid to employees. Factors fifteen and sixteen indicate that the Board members are not independent contractors because they have no investment in the Board or HCAD and realize no profits or losses. As to factor seventeen, Board members are precluded from outside activities that would conflict with their Board duties. Factor twenty is also present because Board members may resign at any time without facing liability for leaving their post.

Together, the evidence regarding these factors provides more than a scintilla of evidence that these former Board members were subject to HCAD's control or direction. See *Garza,* 138 S.W.3d at 613. The question for this Court is not whether a larger number of factors support treating the Board members as independent contractors rather than employees, how factors with conflicting evidence should be counted, or even whether this Court would

have reached a different conclusion in applying the factors. See *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex.1986). The summary judgment evidence conclusively proves that substantial evidence supports the Commission's conclusion that the former Board members were in HCAD's employment; therefore, the Commission was entitled to summary judgment on HCAD's challenge.

Finally, we address HCAD's argument that section 6.412(c) of the Tax Code prohibits Board members from being its employees. Although the record does not show that HCAD cited section 6.412(c) in the administrative process, we conclude HCAD exhausted its remedies for the same reasons discussed above with respect to the other Tax Code provisions. Section 6.412(c) does not alter our analysis, however. That section—entitled "Restrictions on Eligibility of Board Members"—provides as follows:

A person is ineligible to serve on the appraisal review board if the person is a member of the board of directors, an officer, or employee of the appraisal district, an employee of the comptroller, or a member of the governing body, officer, or employee of a taxing unit.

Tex. Tax Code Ann. § 6.412(c).

HCAD argues that the Tax Code's prohibition on board service by "employee[s] of the appraisal district" means that the wages HCAD paid these Board members cannot have been "for employment" as required to obtain unemployment benefits under the Labor Code. See Tex. Labor Code Ann. § 207.004. We disagree because section 6.412(c) of the Tax Code does not address the question at issue

---

**15.** Although the content of the training was determined by the Comptroller, as noted above, this factor does not require that the entity conduct the training to indicate the existence of an employment relationship.

The test recognizes that workers are sometimes trained by a more experienced worker, but it is also sufficient if the entity requires the worker to attend meetings or take training courses. 40 Tex. Admin. Code § 821.5.

today: whether members of an appraisal review board are subject to the control or direction of an appraisal district either contractually or in fact. *See* Tex. Labor Code Ann. § 201.041; 40 Tex. Admin. Code § 821.5. Instead, section 6.412(c) prevents conflicts of interest by making a person ineligible for appointment to review the appraisal district's work as a member of an appraisal review board if that person is otherwise employed by the appraisal district.

It would be absurd to consider service on an appraisal review board itself—if sufficiently under the direction or control of an appraisal district—as disqualifying a person from continuing to serve on that board. Yet that is precisely the consequence of HCAD's suggested construction of section 6.412(c).[16] We decline to adopt such a construction, concluding instead that section 6.412(c) does not prohibit Board members from receiving unemployment benefits under the Labor Code.[17]

In sum, we conclude that HCAD did not satisfy its burden of proving as a matter of law that the Board members' services were excluded from qualifying as employment or that the Board members were sufficiently free from its control or direction to rebut the statutory presumption of employment. The trial court therefore erred in granting HCAD's motion for summary judgment. Because the summary judgment evidence establishes as a matter of law that substantial evidence in the record supported the Commission's decisions that the former Board members were eligible for unemployment benefits, we hold instead that the Commission was entitled to summary judgment. We sustain the Commission's second and third issues.

### CONCLUSION

Having held that the Commission was entitled to summary judgment, we reverse the judgment of the trial court and render judgment affirming the Commission's unemployment decisions.

---

**16.** HCAD's construction also misses the mark because it does not support the trial court's summary judgment in HCAD's favor. Even if section 6.412(c) somehow transformed the Board members into ineligible "employees" once HCAD obtained a certain threshold level of control or direction over them (which it did not), there is no indication that the Board members were aware of any need to resign. Thus, the mere fact that they continued their service would not establish as a matter of law that HCAD's control or direction was, in fact, below the threshold.

**17.** Even if there were an irreconcilable conflict between the Tax Code and the Labor Code, the latter would prevail because it more specifically addresses the subject of when a person is in employment for purposes of determining unemployment benefits. *See* Tex. Gov't Code Ann. § 311.026 (West 2013); *Carlson v. City of Houston,* 309 S.W.3d 579, 586 (Tex.App.–Houston [14th Dist.] 2010, no pet.).