**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Noel SANCHEZ, Appellee.**

No. 04–01–00165–CV.

Court of Appeals of Texas, San Antonio.

May 1, 2002.

508

Kevin M. Givens, Supervising Atty, ALR Appeals, Elvis G. Schulze, Texas Dept. of Public Safety, Appellate Staff Atty., Austin, for Appellant.

Robert Lynn McGowen, McGowen Law Offices, Inc., Devine, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, and KAREN ANGELINI, Justice.

## OPINION

KAREN ANGELINI, Justice.

The Texas Department of Public Safety appeals the district court's reversal of an administrative decision permitting the Department to suspend Noel Sanchez's driving privileges based upon his refusal to submit a blood or breath specimen. The district court's judgment is reversed.

### BACKGROUND

On August 11, 2000, David H. Gardner, a police officer with the Lytle Police Department, observed Sanchez traveling in his car at 90 miles per hour. Sanchez was weaving in and out of traffic and, eventually, rear-ended another vehicle. After the collision, Sanchez pulled his car over to the roadside.

According to Gardner, Sanchez was unsteady on his feet, smelled of alcohol, and his speech was slurred. Gardner administered to Sanchez field sobriety tests and concluded that Sanchez was intoxicated. Gardner arrested Sanchez and took him to the Lytle Police Department for processing. He then took Sanchez to Devine, Texas for administration of the Intoxilizer breath test. Sanchez refused to submit to the test.

The Department sought to suspend Sanchez's driver's license for refusing to submit to a breath test. Sanchez requested an administrative hearing to contest the suspension of his license. Gardner, who is not certified to administer a breath test, testified at the hearing that Sanchez refused to submit to the test. Specifically,

he stated "[h]e put his mouth on the mouthpiece, but he wouldn't blow. I have seen—I know enough where when they blow in the machine, it makes a little noise—beeping noise—like humming BBBB [phonetic]. And it wasn't—it went for about maybe a second beep and then it stopped." Gardner further explained that he placed his hand in front of Sanchez's nose and could feel his breath. This, according to Gardner, indicated to him that Sanchez was not attempting to blow into the machine.

Irma Valasquez, Sanchez's sister, testified at the hearing on his behalf. She explained that the day following the accident, Sanchez's face was red, as if it had been hit by an air bag, and that his voice was hoarse.

Sanchez had requested subpoenas for the officer who attempted to administer the breath test, as well as the breath test technical supervisor. Both requests were denied.[1] The Administrative Law Judge ("ALJ"), however, offered to continue the hearing until the witnesses could be secured, but Sanchez declined the offer.

The ALJ concluded that there was reasonable suspicion to stop Sanchez; that there was probable cause to believe Sanchez was operating a motor vehicle in a public place while intoxicated; that Sanchez was properly asked to submit a breath or blood specimen; and that Sanchez refused to submit a specimen of blood or breath. Accordingly, the ALJ entered an order authorizing the Department to suspend Sanchez's driver's license for ninety days.

Sanchez appealed the ALJ's order to the district court. Sanchez asserted: 1) the ALJ's findings are not reasonably sup-

---

1. Administrative Law Judge Leah Davis Bates denied Sanchez's requests for subpoenas on the grounds that Sanchez had "failed to meet the requirements set out in the ALR rules, TAC 159.17."

510

ported by substantial evidence; 2) the ALJ's findings are arbitrary, capricious, and are characterized by an abuse of discretion; 3) the ALJ violated his constitutional right to testify at the administrative hearing; and 4) the ALJ erred in denying requested subpoenas. At the district court hearing, the court expressed some concern with the refusal of Sanchez's request for subpoenas for the officer who administered the test and the breath test technical supervisor. The court expressly stated, "I think the subpoena should have been issued to get to the bottom of the thing." The district court, in its judgment, opined that "the facts and the law are with the Appellant, Noel Sanchez" and reversed the administrative decision.

The Department appeals the district court's reversal of the ALJ's order, asserting: 1) the trial court erred by implicitly ruling there was insufficient evidence to support the ALJ's finding; 2) the trial court erred by implicitly holding the ALJ's denial of Sanchez's requests for subpoenas violated his due process rights; and 3) the trial court erred by implicitly holding that the ALJ denied Sanchez the use of his constitutional privilege against self-incrimination.

## DISCUSSION

### A. Substantial Evidence

■ In its first issue, the Department maintains that the trial court erred by implicitly holding that there was insufficient evidence to support the ALJ's finding that Sanchez refused to give a breath specimen. When reviewing an administrative order, the trial court examines the ALJ's order to determine whether it is "reasonably supported by substantial evidence considering ... the record as a whole." TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). Substantial evidence requires only a mere scintilla of evidence. *Railroad*

*Comm'in of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792–93 (Tex.1995); *Texas Dep't of Pub. Safety v. Kusenberger*, 29 S.W.3d 154, 156 (Tex.App.-San Antonio 2000, no pet.). Whether there is substantial evidence to support the ALJ's decision is a question of reasonableness. In other words, "the reviewing court considers the reasonableness of the ALJ's order, not the order's correctness." *Kusenberger*, 29 S.W.3d at 156. Even if the evidence supporting the ALJ's order amounts to only slightly more than a scintilla, the trial court must affirm the ALJ's order if the findings are reasonable. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex.1999); *Torch Operating Co.*, 912 S.W.2d at 792–93.

■ This court reviews the trial court's determination *de novo*. *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996); *Texas Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 139 (Tex.App.-San Antonio 1999, pet. denied). We review questions of law without affording any deference to the trial court's finding. *Heal*, 917 S.W.2d at 9.

Only the trial court's finding that Sanchez refused to submit a breath specimen is contested. A refusal of a request to submit a specimen of breath or blood may be either an express refusal or "the result of an intentional failure." TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999). Officer Gardner testified that Sanchez refused to blow into the machine and was instead breathing through his nose. Valasquez, Sanchez's sister, maintained that Sanchez had a sore throat the day following the accident. According to Sanchez, Valasquez's testimony suggests Sanchez was in fact unable to submit to the test.

■ Sanchez argues that because Gardner is not qualified to operate the Intoxilizer and did not know whether the machine was working properly at the time

the test was administered to him, his testimony cannot amount to substantial evidence that he refused to submit a breath specimen. At a license suspension hearing, the Department bears the burden of proving:

> (1) reasonable suspicion or probable cause existed to stop or arrest the person; (2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated; (3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) the person refused to submit to the taking of a specimen on request of the officer.

TEX. TRANS. CODE ANN. § 724.–042 (Vernon 1999). "The Department [does] not have the burden of disproving alternative hypotheses when attempting to prove its case." *Martin v. Dep't of Pub. Safety*, 964 S.W.2d 772, 776 (Tex.App.-Austin 1998, no pet.). Accordingly, the Department was not required to disprove that the Intoxilizer was not working properly when the test was administered to Sanchez.

 Furthermore, it is incumbent upon the ALJ to determine the credibility of witness testimony. *Texas Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 783 (Tex. App.San Antonio 2001, no pet.)(citing *Ott v. Tex. Dep't of Pub. Safety*, 958 S.W.2d 294, 296 (Tex.App.-Austin 1998, no pet.)). Gardner's knowledge, or lack thereof, of the Intoxilizer's working condition at the time the test was administered to Sanchez may have affected his credibility. The ALJ, however, credited Gardner's testimony despite his lack of knowledge of the Intoxilizer's condition. The trial court cannot impose its own judgment regarding witness credibility, nor can this court. There is sufficient evidence to meet the reasonableness standard of the substantial evidence test.

**B.** *Denial of Subpoena/Right to Confront Witnesses*

The Department next contends the trial judge erred by implicitly holding that the ALJ's denial of Sanchez's request for subpoenas violated his due process rights. Specifically, the Department maintains that Sanchez waived any complaint regarding the denial of his request for subpoenas at the administrative hearing. We agree.

 The ALJ initially denied Sanchez's request for subpoenas. However, during the administrative hearing, the ALJ offered to continue the hearing to allow Sanchez to present his witnesses. The ALJ stated:

> Judge Kaplan: All right, Mr. McGowan, what I'm going to do is this. I'm going to delay that aspect of the case then so that if you wish, you can bring in Ms. Cossarez to testify as to whether that aspect of the machine was— obviously, she doesn't have to testify to whether the machine was giving proper samples, because they never got to that point.
>
> It's a question of whether or not this machine was working properly to detect whether or not your client was blowing the proper breath sample. I believe there is some type of sensor on that that detects that. I will leave it up to you. You can bring her in as a witness in order to cross-examine her or if you're willing to do so, I believe an affidavit testimony by the breath test technical supervisor is permissible if you don't object. You're free to do whatever you wish, though....
>
> McGowen: Judge, we're here. The Court refused to let us have the witness. And I think that it is wrong to continue this case and put this man through the expense and trauma [of]

coming back up here when it's—we haven't done anything wrong. We asked to have her here. The Court refused to allow the subpoena.

And now it looks like their case is going to fail unless she comes here. And we don't want to agree to do it. We want the case over today and would like to get a ruling on it. And ... when it becomes apparent that they need the witness and that there's been a real foul-up then I don't—I object to carrying this case in order to let the state try to cure a problem.... [W]e don't have the person who administered the test here, Officer Andrews. But we would like to have had the breath test supervisor here. But she's not here. If the Court wants to bring her down here right now then—

Judge Kaplan: No.

McGowen: we'd like to do that. But—

Judge Kaplan: I don't believe we can bring her down here right now. But I can continue this case to a later date if you'd like. I'm going to leave it up to you. If you—

McGowen: We'd prefer to simply find for the Defendant, Your Honor, on the bases that they haven't proven their case.

It is clear from this exchange that the trial court gave Sanchez's attorney the opportunity to continue the case to allow him to obtain his witnesses. The attorney repeatedly refused the trial court's offer. Because Sanchez did not take advantage of the ALJ's offer for a continuance, nor did he ever request one, Sanchez waived his complaint to the district court that the ALJ abused his discretion by refusing his subpoenas. Tex.R.App. P. 33.1; *Balkum v. Tex. Dep't of Pub. Safety*, 33 S.W.3d 263, 267 (Tex.App.-El Paso 2000, no pet.). Because Sanchez's complaint was not properly before the district court, it could not

have properly reversed the ALJ's decision on this ground.

## C. *Denial of Fifth Amendment Right to Testify*

■■■ Sanchez's trial counsel called Sanchez to testify at the administrative hearing. He attempted to limit Sanchez's testimony to facts regarding his physical condition at the time of the accident by invoking Sanchez's Fifth Amendment rights against self-incrimination. The ALJ warned:

Mr. McGowen, let me just say at this time that this is a civil hearing. And if the Defendant chooses to testify in this case, he will be subject to cross-examination from the Department on any matter relating to this hearing. And his refusal to answer can result in his testimony being stricken in its entirety.

In his appeal to the district court, Sanchez complained that the ALJ violated his constitutional rights by refusing to allow him to invoke his privilege against self-incrimination, thus preventing him from testifying on his own behalf at the administrative hearing. Sanchez, however, waived his complaint.

■■■ Although counsel attempted several times to invoke Sanchez's Fifth Amendment rights, Sanchez never expressly invoked his rights *himself*. Freedom from self-incrimination, guaranteed by both the United States and Texas Constitutions, is not lost in a civil suit. U.S. Const. amend. V; Tex. Const. art. I, § 10; *Texas Dep't of Pub. Safety Officers Ass'n v. Denton*, 897 S.W.2d 757, 760 (Tex.1995); *In re Speer*, 965 S.W.2d 41, 45 (Tex.App.-Fort Worth 1998, orig. proceeding)(citing *Maness v. Meyers*, 419 U.S. 449, 464, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975)). The privilege may be asserted "whenever the answer might tend to subject to criminal

responsibility him who gives it." *Denton*, 897 S.W.2d at 760. However, the privilege against self-incrimination is not absolute and, therefore, blanket assertions of the privilege are not permitted. *In re Speer*, 965 S.W.2d at 45; *Gebhardt v. Gallardo*, 891 S.W.2d 327, 330 (Tex.App.-San Antonio 1995, no writ). Instead, the privilege must be asserted in response to each specific inquiry. *Gebhardt*, 891 S.W.2d at 330. If not, the privilege is waived. *Id.* By asserting the privilege in such a manner, the trial court may evaluate whether an answer to the question would tend to incriminate the witness. *In re Speer*, 965 S.W.2d at 45.

It is clear then, that to properly invoke his privilege against self-incrimination, Sanchez was required to take the stand and assert the privilege in response to each question he believed might tend to incriminate him. Only then would the trial court have had the opportunity to determine whether the privilege applied. Without doing so, Sanchez waived any complaint that the ALJ violated his privilege against self-incrimination. *Gebhardt*, 891 S.W.2d at 330. Accordingly, the trial court could not have properly reversed the ALJ's ruling on this ground.

CONCLUSION

We reverse the trial court's order reversing the administrative decision and affirm the administrative order suspending Sanchez's driving privileges.