



# MEMORANDUM OPINION

No. 04-10-00107-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Roberto Uribe **GUTIERREZ**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 7285
Honorable Jose  A. Lopez, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  September 15, 2010

REVERSED AND RENDERED

The Texas Department of Public Safety (the "Department") appeals the trial court's order reversing an administrative decision suspending Gutierrez's driver's license based on his refusal to submit a breath specimen.  We reverse the trial court's judgment and render judgment reinstating the suspension of Gutierrez's driver's license.

**BACKGROUND**

On March 19, 2009, at 9:49 p.m., DPS Trooper Jeff Wachtendorf was on patrol duty traveling south on U.S. Highway 83 in Zapata County, Texas. He observed a vehicle approaching with its high beam headlights on as it was traveling north on Highway 83. The driver did not dim his vehicle's headlights as he passed the trooper's vehicle. Trooper Wachtendorf pulled over the vehicle for failure to dim the headlights, and identified the driver as Roberto Uribe Gutierrez. *See* TEX. TRANSP. CODE ANN. § 547.333(c)(1) (Vernon 1999). Trooper Wachtendorf observed an open 12 ounce can of beer in the center console of the vehicle. When Gutierrez was asked to provide his driver's license, he had difficulty finding it in his wallet. When Gutierrez exited the vehicle, the trooper noticed the odor of alcohol on his breath. Gutierrez admitted drinking four or five beers before driving. Gutierrez failed the field sobriety tests, and Trooper Wachtendorf arrested Gutierrez and transported him to the Zapata County jail. At the jail, the trooper read Gutierrez his statutory warning and requested a specimen of Gutierrez's breath. Gutierrez refused to provide a breath sample and refused to sign the DIC-24 statutory warning.

At the administrative hearing, Trooper Wachtendorf's offense report (DIC-23) with the statutory warning (DIC-24) attached was admitted into evidence with no objection; the officer did not personally appear. The only other evidence received at the hearing was the testimony of Gutierrez, who contradicted several statements made in the offense report. As to the reason for the initial stop, the trooper's report states he was traveling southbound on State Highway 83 in Zapata County when Gutierrez's vehicle approached him traveling northbound on the same highway. Gutierrez had his high beams on and never dimmed them. Wachtendorf stopped Gutierrez for the traffic violation of failure to dim his headlights. Gutierrez testified at first that

he did not recall whether he had his high beams on; he then explained that, a couple of minutes before he passed the trooper, he noticed some other cars traveling ahead of the trooper and he was not using his high beams under those conditions. Gutierrez also testified that none of the other drivers, including the trooper, flashed their lights to ask him to dim his high beams. As to probable cause to believe Gutierrez was driving a motor vehicle on a public road while intoxicated, the offense report listed the following observations by Trooper Wachtendorf: (1) an open 12 ounce can of Miller Lite beer in the center console; (2) Gutierrez's difficulty finding his driver's license in his wallet; (3) the odor of alcohol on Gutierrez's breath; (4) Gutierrez's admission he drank four or five beers before driving; and (5) Gutierrez failed the field sobriety tests. During his testimony, Gutierrez admitted drinking about four beers with dinner before driving that night, but testified there was not an open beer can in his console. Gutierrez testified he was nervous when he performed the field sobriety tests; he stated that he did not actually perform the one-leg stand part of the test, even though the offense report states he failed it. Finally, as to the giving of the statutory warning, the offense report states the trooper read Gutierrez his statutory warning,[1] and requested a breath specimen, which Gutierrez refused, and Gutierrez refused to sign the DIC-24 statutory warning. At the hearing, Gutierrez testified he did not receive any documentation when he was placed under arrest, and did not receive his temporary driving permit until several days after the arrest.

At the conclusion of the administrative hearing, the Administrative Law Judge (ALJ) found the Department met its burden and authorized suspension of Gutierrez's driver's license for 180 days. *See* TEX. TRANSP. CODE ANN. § 724.035(a)(1) (Vernon Supp. 2009); *see also id.*

---

[1] The offense report states Wachtendorf read him "the DIC-23," but the report itself clearly shows that a DIC-23 is the offense report and a DIC-24 is the statutory warning; it is clear the report's reference to reading the DIC-23 instead of the DIC-24 was a clerical error. Further, the report states in the next sentence that Gutierrez "refused to sign [the] DIC-24," referring to the statutory warning.

§ 724.042 (Vernon Supp. 2009) (listing the four issues the Department must establish at the administrative hearing). The ALJ found the following facts were proved by a preponderance of the evidence: (1) reasonable suspicion existed to stop and detain Gutierrez for failure to dim his headlights as he passed the officer's oncoming vehicle on the date in question; (2) probable cause existed to arrest Gutierrez for operating a motor vehicle in a public place while intoxicated based on the officer's observations of an open container of alcohol in the vehicle, the odor of alcohol on Gutierrez's breath, his admission he had consumed four or five beers before driving, and multiple clues of intoxication during the field sobriety tests; (3) Gutierrez was asked to submit a breath specimen after being arrested and given the statutory warning by the officer; and (4) Gutierrez refused to allow taking of the specimen and refused to sign the statutory warning form. *See id.*

Gutierrez appealed the administrative license suspension to the trial court, arguing there was not substantial evidence to support the stop and that he was not given the statutory warning. *See* TEX. TRANSP. CODE ANN. § 724.047 (Vernon 1999); TEX. TRANSP. CODE ANN. §§ 524.041—.044 (Vernon 2007 & Supp. 2009). The trial court reversed the ALJ's decision, finding there was "no substantial evidence" to show there was reasonable suspicion to stop and detain Gutierrez for failure to dim his headlights or to show that Gutierrez was operating a motor vehicle in a public place while intoxicated; the court also found that Gutierrez did not receive the required written statutory warnings. The Department brought this appeal.

## ANALYSIS

On appeal, the Department challenges the trial court's findings that: (1) "there was no substantial evidence to show that there was a reasonable suspicion to stop and detain the Petitioner for a failure to dim headlights on the date of arrest;" (2) "there was no substantial

evidence that the Petitioner was operating a motor vehicle in a public place while intoxicated on the date of arrest;" and (3) "the Petitioner did not receive the required written statutory warnings required by law." The Department asserts the trial court did not apply the proper standard of review, and improperly substituted its own judgment for that of the ALJ. The Department asserts there is no ground warranting reversal of the ALJ decision, and requests reinstatement of the suspension of Gutierrez's license. Gutierrez responds by citing his own testimony at the ALJ hearing that contradicted the trooper's testimony, arguing, in essence, that he was more credible and the trial court did not err in reversing the administrative decision.

Each of the three findings made by the trial court in support of its reversal order turn on an assessment of the credibility of Gutierrez versus Trooper Wachtendorf—credibility evaluations that the ALJ already resolved against Gutierrez. Under the appropriate standard of review to be applied to appeals from ALJ decisions, the trial court was not authorized to re-evaluate the witnesses' credibility or to re-weigh the evidence and substitute his own judgment for that of the ALJ. *See Tex. Dep't of Pub. Safety v. Sanchez*, 82 S.W.3d 506, 510 (Tex. App.—San Antonio 2002, no pet.). When reviewing an administrative decision, the trial court is limited to examining the ALJ's order to determine whether it is "reasonably supported by substantial evidence" in the administrative hearing record. TEX. TRANSP. CODE ANN. §§ 724.047, 524.043(a) (Vernon 1999 & 2007); TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008). Only a mere scintilla of evidence need exist to constitute "substantial evidence." *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792-93 (Tex. 1995). The trial court's focus in reviewing the ALJ decision is its reasonableness, not its correctness. *Sanchez*, 82 S.W.3d at 510. "Even if the evidence supporting the ALJ's order amounts to only slightly more than a scintilla, the trial court must affirm the ALJ's order if the findings are reasonable." *Id.*;

*Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). We, in turn, review the trial court's order reversing the ALJ's decision *de novo*. *Sanchez*, 82 S.W.3d at 510.

Here, having reviewed the record and deferring to the credibility assessments made by the ALJ in issuing the suspension order, we conclude the ALJ's findings are reasonable and are supported by substantial evidence in the record. *Mireles*, 9 S.W.3d at 131; *Sanchez*, 82 S.W.3d at 510. It is the ALJ's role to determine the credibility of the witnesses, and neither the trial court nor the appellate court may substitute its own judgment regarding witness credibility or weight of the evidence. *Sanchez*, 82 S.W.3d at 511; *Tex. Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 783 (Tex. App.—San Antonio 2001, no pet.). Here, the ALJ chose to credit the statements by Trooper Wachtendorf in his offense report over the testimony of Gutierrez, and there is sufficient evidence in the record to support the ALJ's findings as reasonable and supported by substantial evidence. The trooper's report states he personally observed Gutierrez commit a traffic violation by failing to dim his high beams, thus giving him reasonable suspicion to stop Gutierrez. In addition, the report lists the trooper's personal observations of Gutierrez driving on a public highway, an open container of alcohol in his vehicle, the odor of alcohol on Gutierrez's breath, his difficulty locating his driver's license, and his poor performance on the field sobriety tests, as well as Gutierrez's admission that he drank four beers before driving; these facts amount to probable cause to arrest Gutierrez for driving while intoxicated. Finally, the ALJ was entitled to believe Trooper Wachtendorf's statement that he read Gutierrez the DIC-24 statutory warning, but he refused to sign it, instead of Gutierrez's testimony that the trooper gave him "no documentation." The Department need not disprove the "alternative hypotheses" proffered by Gutierrez in order to meet its burden of proof under section 724.042. *Sanchez*, 82 S.W.3d at 511.

Accordingly, the trial court's order reversing the administrative decision is reversed, and the administrative order suspending Gutierrez's driver's license for 180 days is reinstated.


Phylis J. Speedlin, Justice