

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00393-CV

FORT WORTH PR'S, INC.                                                  APPELLANT

V.

TEXAS ALCOHOLIC BEVERAGE                                          APPELLEE
COMMISSION

----------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant Fort Worth PR's, Inc. challenges the trial court's judgment affirming the order of Appellee Texas Alcoholic Beverage Commission (TABC) adopting the Proposal for Decision of the State Office of Administrative Hearings judge that Fort Worth PR's violated Texas Alcoholic Beverage Code section 106.13 by knowingly serving a minor an alcoholic beverage on April 12, 2009. *See* Tex. Alco. Bev. Code Ann. § 106.13 (West

---

[1]*See* Tex. R. App. P. 47.4.

2007).  Fort Worth PR's does not dispute the fact that a sale of an alcoholic beverage to a minor occurred at Fort Worth PR's on April 12, 2009, but argues that the affirmative "safe harbor" defense set forth in Texas Alcoholic Beverage Code section 106.14 applies.  *See id.* § 106.14 (West 2007).  This defense provides that the actions of an employee in serving an alcoholic beverage to a minor are not attributable to the employer (like Fort Worth PR's) if (1) the employer requires its employees to attend a commission-approved seller training program; (2) the employee has actually attended such a training program; and (3) the employer has not directly or indirectly encouraged the employee to violate such law.  *Id*.

Conflicting evidence was introduced at the hearing before the State Office of Administrative Hearings judge on whether Christina Kallmeyer—the server/seller employed by Fort Worth PR's whose sale of an alcoholic beverage to a minor formed the basis of the TABC's disciplinary action at issue—had actually attended a commission-approved seller training program.[2]  A copy of the card or certificate that Kallmeyer would have received upon completion of a commission-approved seller/server training program was not offered or admitted into evidence at the hearing before the judge at the State Office of Administrative Hearings.  Based on the conflicting evidence, the State Office of Administrative Hearings judge issued finding of fact number 11 that "[n]o evidence was

[2]Mr. Gilmore, the general manager at Fort Worth PR's, testified that all personnel associated with serving alcoholic beverages at Fort Worth PR's had received seller/server training and certification.  One of the officers for TABC who participated in the sting operation at Fort Worth PR's that led to the disciplinary action at issue testified that per TABC's computer records Kallmeyer was not seller/server certified.  Neither Kallmeyer nor any other Fort Worth PR's employee beside Mr. Gilmore testified.

produce[d] to confirm that either of Respondent's [Fort Worth PR's] bartenders that were on duty on April 12, 2009, had attended a TABC-sanctioned seller/server training course." The State Office of Administrative Hearings judge issued a Proposal for Decision finding that the violations had occurred and recommending that Fort Worth PR's permits be suspended for thirty days or that a fine of $9,000 be paid in lieu of any suspension. The TABC issued an order adopting the Proposal for Decision and Fort Worth PR's sought judicial review in a Tarrant County district court. After the district court signed a final judgment affirming the TABC's order, Fort Worth PR's perfected this appeal.

We review a TABC order under the substantial evidence test. *Id.* § 11.67(b); *Tex. Alcoholic Beverage Comm'n v. Sierra*, 784 S.W.2d 359, 360 (Tex. 1990). Substantial evidence need only be more than a scintilla. *Garza v. Tex. Alcoholic Beverage Comm'n*, 138 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Whether substantial evidence exists in support of an administrative decision is a question of law. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). In determining whether substantial evidence exists, the reviewing court may not invade the factfinding authority of the agency. *State Banking Bd. v. Allied Bank Marble Falls*, 748 S.W.2d 447, 448–49 (Tex. 1988).

Here, in light of the conflicting evidence on the second element of the safe harbor defense—whether the employee has actually attended such a training program—and the absence in the record of a card or certificate that either of Fort Worth PR's bartenders on duty on April 12, 2009 would have received upon completion of a commission-approved seller training program, we cannot say that substantial evidence does not exist supporting the TABC order, including finding

3

of fact number 11 that that "no evidence was produce[d] to confirm" that Fort Worth PR's bartenders on duty on April 12, 2009 had attended a TABC-sanctioned seller/server training course. *See, e.g., 20801, Inc. v. Parker*, 249 S.W.3d 392, 394 (Tex. 2008) (recognizing employer bears burden of proof on first two elements of section 106.14's safe harbor defense); *Tex. Dep't of Pub. Safety v. Sanchez*, 82 S.W.3d 506, 511 (Tex. App.—San Antonio 2002, no pet.) (recognizing it is incumbent on the administrative law judge to determine the credibility of witness testimony).

We therefore overrule Fort Worth PR's sole issue.[3] We affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: June 23, 2011

---

[3]Fort Worth PR's contends that it was not required to plead the affirmative safe harbor defense in the administrative hearing in order to raise it in the judicial review it sought before the trial court. We need not, and do not, decide that issue here; assuming the safe harbor defense was properly raised, we nonetheless for the reasons set forth herein determine that the TABC order, including the finding of fact that that "no evidence was produce[d] to confirm" that Fort Worth PR's bartenders on duty on April 12, 2009 had attended a TABC-sanctioned seller/server training course, is supported by substantial evidence.