02-10-393-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00393-CV

 

 


 
 
 Fort Worth PR’s, Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Texas Alcoholic Beverage Commission
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 48th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          In
a single issue, Appellant Fort Worth PR’s, Inc. challenges the trial court’s
judgment affirming the order of Appellee Texas Alcoholic Beverage Commission
(TABC) adopting the Proposal for Decision of the State Office of Administrative
Hearings judge that Fort Worth PR’s violated Texas Alcoholic Beverage Code
section 106.13 by knowingly serving a minor an alcoholic beverage on April 12,
2009.  See Tex. Alco. Bev. Code Ann. § 106.13 (West 2007).  Fort Worth PR’s
does not dispute the fact that a sale of an alcoholic beverage to a minor
occurred at Fort Worth PR’s on April 12, 2009, but argues that the affirmative
“safe harbor” defense set forth in Texas Alcoholic Beverage Code section 106.14
applies.  See id. § 106.14 (West 2007).  This defense provides that the
actions of an employee in serving an alcoholic beverage to a minor are not
attributable to the employer (like Fort Worth PR’s) if (1) the employer
requires its employees to attend a commission-approved seller training program;
(2) the employee has actually attended such a training program; and (3) the
employer has not directly or indirectly encouraged the employee to violate such
law.  Id.

Conflicting
evidence was introduced at the hearing before the State Office of
Administrative Hearings judge on whether Christina Kallmeyer—the server/seller
employed by Fort Worth PR’s whose sale of an alcoholic beverage to a minor
formed the basis of the TABC’s disciplinary action at issue––had actually
attended a commission-approved seller training program.[2] 
A copy of the card or certificate that Kallmeyer would have received upon
completion of a commission-approved seller/server training program was not
offered or admitted into evidence at the hearing before the judge at the State
Office of Administrative Hearings.  Based on the conflicting evidence, the
State Office of Administrative Hearings judge issued finding of fact number 11 that
“[n]o evidence was produce[d] to confirm that either of Respondent’s [Fort
Worth PR’s] bartenders that were on duty on April 12, 2009, had attended a
TABC-sanctioned seller/server training course.”  The State Office of
Administrative Hearings judge issued a Proposal for Decision finding that the
violations had occurred and recommending that Fort Worth PR’s permits be
suspended for thirty days or that a fine of $9,000 be paid in lieu of any
suspension.  The TABC issued an order adopting the Proposal for Decision and
Fort Worth PR’s sought judicial review in a Tarrant County district court. 
After the district court signed a final judgment affirming the TABC’s order,
Fort Worth PR’s perfected this appeal.

We
review a TABC order under the substantial evidence test.  Id. § 11.67(b);
Tex. Alcoholic Beverage Comm’n v. Sierra, 784 S.W.2d 359, 360 (Tex.
1990).  Substantial evidence need only be more than a scintilla.  Garza v.
Tex. Alcoholic Beverage Comm’n, 138 S.W.3d 609, 613 (Tex. App.––Houston
[14th Dist.] 2004, no pet.).  Whether substantial evidence exists in support of
an administrative decision is a question of law.  Tex. Dep’t of Pub. Safety
v. Alford, 209 S.W.3d 101, 103 (Tex. 2006).  In determining whether
substantial evidence exists, the reviewing court may not invade the factfinding
authority of the agency.  State Banking Bd. v. Allied Bank Marble Falls,
748 S.W.2d 447, 448–49 (Tex. 1988).

Here,
in light of the conflicting evidence on the second element of the safe harbor
defense––whether the employee has actually attended such a training program––and
the absence in the record of a card or certificate that either of Fort Worth PR’s
bartenders on duty on April 12, 2009 would have received upon completion of a
commission-approved seller training program, we cannot say that substantial
evidence does not exist supporting the TABC order, including finding of fact number
11 that that “no evidence was produce[d] to confirm” that Fort Worth PR’s
bartenders on duty on April 12, 2009 had attended a TABC-sanctioned
seller/server training course.  See, e.g., 20801, Inc. v. Parker, 249
S.W.3d 392, 394 (Tex. 2008) (recognizing employer bears burden of proof on
first two elements of section 106.14’s safe harbor defense); Tex. Dep’t of
Pub. Safety v. Sanchez, 82 S.W.3d 506, 511 (Tex. App.––San Antonio 2002, no
pet.) (recognizing it is incumbent on the administrative law judge to determine
the credibility of witness testimony).

We therefore
overrule Fort Worth PR’s sole issue.[3]  We affirm the trial
court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED:  June 23, 2011









[1]See Tex. R. App. P. 47.4.





[2]Mr. Gilmore, the general
manager at Fort Worth PR’s, testified that all personnel associated with
serving alcoholic beverages at Fort Worth PR’s had received seller/server
training and certification.  One of the officers for TABC who participated in
the sting operation at Fort Worth PR’s that led to the disciplinary action at
issue testified that per TABC’s computer records Kallmeyer was not
seller/server certified.  Neither Kallmeyer nor any other Fort Worth PR’s
employee beside Mr. Gilmore testified.





[3]Fort Worth PR’s contends
that it was not required to plead the affirmative safe harbor defense in the
administrative hearing in order to raise it in the judicial review it sought
before the trial court.  We need not, and do not, decide that issue here;
assuming the safe harbor defense was properly raised, we nonetheless for the
reasons set forth herein determine that the TABC order, including the finding
of fact that that “no evidence was produce[d] to confirm” that Fort Worth PR’s
bartenders on duty on April 12, 2009 had attended a TABC-sanctioned
seller/server training course, is supported by substantial evidence.