

# NUMBER 13-12-00216-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF
PUBLIC SAFETY,**                                                              **Appellant,**

**v.**

**GUILLERMO PEREZ JR.,**                                                **Appellee.**

---

**On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, the Texas Department of Public Safety ("DPS"), appeals the trial court's

reversal of an administrative decision that permitted DPS to suspend appellee Guillermo

Perez Jr.'s ("Perez") driver's license for 180 days based on his refusal to provide a breath

specimen following his arrest for driving while intoxicated. We reverse the trial court's judgment and render judgment reinstating the administrative order.

## I. FACTUAL AND PROCEDRUAL BACKGROUND

### A. The Administrative Hearing[1]

Perez requested an administrative hearing to contest the suspension of his driver's license based on his post-arrest refusal to take a requested breath test. At the administrative hearing, the DPS's evidence consisted of Officer Rafael de la Tejera's testimony and his police report, which the administrative law judge ("ALJ") admitted into evidence over Perez's hearsay objection.

Officer de la Tejera testified that he worked for the University of Texas—Pan American (UTPA) Police Department. On September 10, 2010, Officer de la Tejera came into contact with Perez and his passenger, Jose Gutierrez, after seeing them pull into a parking lot on the UTPA campus. Officer de la Tejera testified that he saw Perez drive on a public road, pull into a parking lot, and stop under a parking light. Officer de la Tejera observed Perez under the parking light as he stepped out of the driver's side of the vehicle. The vehicle was about 800 feet away from him when he first saw it.

Perez and Gutierrez appeared to be having mechanical problems with their car. Officer de la Tejera parked nearby and asked if he could provide assistance. Gutierrez asked Officer de la Tejera if he had any tools to tighten the battery, and Officer de la Tejera went to check his car for tools.

While Officer de la Tejera was looking for tools, Perez approached him to say that

---

[1] The administrative hearing was conducted via telephone and it is apparent from the reporter's record that at times it was difficult for the parties to hear one another and the witness.

he had started the vehicle. At that time, Officer de la Tejera noticed that Perez had trouble maintaining his balance, had slurred speech, and had a strong odor of alcohol coming from his breath. Officer de la Tejera placed Perez in his patrol car for safety while he went to interview Gutierrez. When he was interviewing Gutierrez, he noticed an open container of beer on the front seat of the vehicle. Gutierrez thereafter fled the scene while Officer de la Tejera was trying to confirm Gutierrez's identity.

Officer de la Tejera testified that after Gutierrez fled, he administered field-sobriety tests on Perez, including the horizontal-gaze-nystagmus test, the walk-and-turn test, and the one-leg stand test. The field-sobriety-tests results confirmed Perez was intoxicated. Perez was arrested for driving while intoxicated and was subsequently asked to provide a breath sample. Officer de la Tejera testified that Perez refused.

Officer de la Tejera's police report bears the seal of DPS's custodian of business records and appears to be a certified business record. Although it is entitled "Sworn Report," it was not notarized. In his report, Officer de la Tejera documented that after receiving a statutory post-arrest warning, Perez refused to allow the taking of a blood or breath specimen. The refusal form appears to bear Perez's signature.

Perez did not present any evidence during the administrative hearing. After the hearing, the ALJ made findings of fact and conclusions of law, and sustained the suspension of Perez's driver license for 180 days. In relevant part, the ALJ's findings of fact are that:

- On September 10, 2012, a Texas peace officer observed Perez operate a motor vehicle in a public place in Texas; the officer observed Perez drive the vehicle into the parking lot and stop "with the emergency flashers flashing."

3

- The officer approached the vehicle to see if he could assist.

- The passenger asked the officer for tools, for which the officer returned to his vehicle.

- Perez approached the officer and told him that he had started the vehicle.

- The officer observed Perez had a strong odor of alcohol, unsteady balance, and slurred speech.

- Perez performed poorly on three field-sobriety tests.[2]

- Probable cause existed to believe Perez drove while intoxicated in a public place.

- Perez was placed under arrest and after being properly asked to submit a blood or breath specimen, Perez refused.

## B.      Perez's Appeal to Trial Court

Perez appealed the ALJ's decision to the trial court, arguing that the administrative decision was not supported by substantial evidence.   At the hearing in the trial court, Perez emphasized apparent inconsistencies in Officer de la Tejera's testimony and that Officer de la Tejera believed Perez was intoxicated even before he administered the field-sobriety tests.   Perez did not complain in the trial court about the ALJ's decision to admit the police report into evidence.   The trial court reversed the administrative decision, and DPS filed this appeal.

## II.  SUBSTANTIAL EVIDENCE SUPPORTED THE ALJ'S DECISION

## A.      Standard of Review

Whether in the trial court or on appeal, courts reviewing an ALJ's decision on a driver's license suspension apply the substantial evidence standard.   *Mireles v. Tex.*

---

[2]   Specifically, the ALJ found that Perez displayed six of six clues of intoxication on the "HGN evaluation" and "unsteady balance on the Walk and Turn and One Leg Stand tasks."

*Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex. 1999). We review the trial court's substantial evidence review de novo. *See Tex. Dep't of Pub. Safety v. Alford,* 209 S.W.3d 101, 103 (Tex. 2006) (noting that an ALJ's findings are entitled to deference but that "whether there is substantial evidence to support an administrative decision is a question of law" and as such, neither a trial court nor an ALJ's determination of this issue is entitled to deference on appeal); *see also Kennedy v. Tex. Dep't. of Pub. Safety*, No. 01-08-00735-CV, 2009 WL 1493802, at *2–3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (mem. op.).

As with the trial court, we may not substitute our judgment for the ALJ's judgment. *Mireles*, 9 S.W.3d at 131; *see also* TEX. GOV'T CODE ANN. § 2001.174 (West 2008). We do not determine whether the ALJ's decision was correct, but rather whether the record "demonstrates some reasonable basis" for the ALJ's determination. *Mireles*, 9 S.W.3d at 131. In contested cases, if there is more than a scintilla of evidence to support the administrative findings, we must affirm those findings; "[i]n fact, an administrative decision may be sustained even if the evidence preponderates against it." *Id.* We may reverse an ALJ's decision if an appellant's substantial rights have been prejudiced because the ALJ's findings, inferences, conclusions, or decisions are "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." *See* TEX. GOV'T CODE ANN. § 2001.174(2)(E).

## B. Applicable Law

If a person is arrested and the peace officer making the arrest has reasonable grounds to believe that the person was driving while intoxicated, specimens of the person's breath or blood may be taken. TEX. TRANSP. CODE ANN. § 724.012(a)(1). If the

person refuses to submit to the taking of a specimen, DPS shall suspend the person's driver's license to operate a motor vehicle on a public highway for 180 days. *Id.* § 724.035(a)(1). If a person's license is suspended under this chapter, that person may request a hearing on the suspension. *Id.* § 724.041. At the hearing, the relevant issues are whether:

(1)     reasonable suspicion or probable cause existed to stop or arrest the person;

(2)     probable cause existed to believe that the person was:

(A)     operating a motor vehicle in a public place while intoxicated;

. . . .

(3)     the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4)     *the person refused to submit to the taking of a specimen on request of the officer.*

*Id.* § 724.042 (emphasis added).

## C.     Analysis

By a single issue, DPS argues that the trial court erred by reversing the administrative decision allowing suspension of Perez's driver's license for 180 days because substantial evidence supported that decision.

On appeal, Perez contends that there is not sufficient evidence to show: (1) he was the driver of the vehicle; (2) he drove on a public road; (3) Officer de la Tejera's police report was authentic, particularly in light of the fact that it was not notarized; and (4) Perez refused to give a breath sample. Consistent with his argument that the police report was inadmissible with respect to the breath sample, Perez argues that Officer de la Tejera

6

only testified Perez did not provide a breath sample after being asked to do so; he did not testify Perez refused. Perez disregards the refusal documented in the police report.

We agree with DPS that substantial evidence supports the ALJ's decision and that the trial court erred when it reversed the ALJ's order. Officer de la Tejera testified multiple times that he saw Perez drive on the road and then enter the UTPA parking lot. It was incumbent upon the ALJ to determine the credibility of the officer's testimony and neither this court nor the trial court may substitute its own credibility judgment for the ALJ's.[3] *See Mireles*, 9 S.W.3d at 131.

In satisfying its burden of persuasion at the administrative hearing, DPS was not required to disprove the alternative theory Perez raises; namely, that Perez and Gutierrez may have exchanged seats after entering the parking lot. *See Tex. Dep't of Pub. Safety v. Sanchez*, 82 S.W.3d 506, 509, 511 (Tex. App.—San Antonio 2002, no pet.) (citing *Martin v. Dep't of Pub. Safety*, 964 S.W.2d 772, 776 (Tex. App.—Austin 1998, no pet.)) (explaining DPS does not have the burden of disproving alternative hypotheses when attempting to prove its case). Moreover, Officer de la Tejera testified he saw Perez in the driver's seat when the car was parked under a light in the UTPA parking lot, and there is no evidence in the record to show Perez and Gutierrez exchanged seats.

Perez concedes in his brief that he voluntarily approached Officer de la Tejera in the parking lot and that the initial encounter did not require Officer de la Tejera to have reasonable suspicion or probable cause. When Perez approached Officer de la Tejera,

---

[3] Officer de la Tejera testified on cross-examination that it was difficult to see whether it was Perez who was driving and that he relied heavily on the fact that he saw Perez emerge from the driver's seat to support his conclusion that Perez was the driver. Notwithstanding this testimony, the ALJ was responsible for ascertaining the credibility of the witness.

he observed that Perez was intoxicated. Based upon those observations, Officer de la Tejera had reasonable suspicion or probable cause to detain Perez and administer the field-sobriety tests. *See Tex. Dep't Pub. Safety v. Vasquez*, 225 S.W.3d 47, 53–54 (Tex. App.—El Paso 2005, no pet.) (explaining officer's initial observations of fumbling driver with bloodshot eyes, slurred speech, and alcoholic odor supported officer's conclusion that there was probable cause to believe driver committed DWI). Perez also concedes that unsteady balance, odor of alcohol, and slurred speech are "common symptoms of alcohol intoxication giving rise to reasonable suspicion, if not probable cause to believe Perez was intoxicated." Perez continues, "[i]n fact, similar facts have been held to be sufficient to prove intoxication beyond a reasonable doubt."

As to Perez's argument that Officer de la Tejera's report was inadmissible because it was not notarized or properly authenticated at the administrative hearing, the record shows that Perez did not raise these complaints in the trial court, and thus the trial court could not have properly reversed the ALJ's decision on these grounds. *See Sanchez*, 82 S.W.3d at 512. We generally note, however, that an officer's refusal report is admissible in license-suspension proceedings under the business-records exception to the hearsay rule even if the report is unsworn. *See Tex. Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 637–38 (Tex. App.—San Antonio 2002, no pet.); *see also Tex. Dep't of Pub. Safety v. Escobedo*, No. 13-07-00498-CV, 2008 WL 2895710, at *3 (Tex. App.—Corpus Christi July 29, 2008, no pet.) (mem. op.) ("It is well established that certain defects in an officer's sworn report do not preclude admission of the report into evidence."). In this case, the report bears the seal and signature of DPS's custodian of records. The report

8

corroborates Officer de la Tejera's testimony that Perez did not provide a breath sample on request, and that Perez refused to provide a post-arrest breath sample.

There was sufficient evidence before the ALJ to meet the substantial-evidence test for the driver's license suspension. *See Sanchez*, 82 S.W.3d at 511. We sustain DPS's sole issue on appeal.

## III. CONCLUSION

We reverse the judgment of the trial court and render judgment reinstating the administrative law judge's decision authorizing the suspension of Perez's driving license. *See Sanchez*, 82 S.W.3d at 513; *see also* TEX. R. APP. P. 43.2(C).

GREGORY T. PERKES
Justice

Delivered and filed the
24th day of January, 2013.

9