

NUMBER 13-17-00188-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                              Appellant,

v.

ALBERTO TORRES,                                                              Appellee.

On appeal from the County Court at Law No. 4
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

By one issue, appellant, the Texas Department of Public Safety (the Department),

challenges the trial court's reversal of appellee Alberto Torres's driver license suspension.

The Department argues the trial court committed error by substituting its judgment for that

of the Administrative Law Judge (ALJ).  We reverse and remand.

## I. BACKGROUND

Torres was arrested by Port Aransas police on May 28, 2016, for driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2017 1st C.S.). Due to his DWI arrest, Torres's driver's license was suspended.

Torres challenged the suspension through an administrative law hearing. The Department and Torres both participated in the hearing on December 29, 2016. At the hearing, the Department offered into evidence the peace officer's sworn report, the breath test technical supervisor's affidavit, and the breath alcohol analytical report. Torres did not object to any of the exhibits. During its closing arguments, the Department argued the reasonable suspicion for the initial stop was that Detective Matthew Johnson saw Torres's passenger with an open container of alcohol that was visible.[1] Torres argued that Detective Johnson did not articulate how he knew the container had alcohol in it and there was not enough information to warrant reasonable suspicion. The ALJ issued her opinion upholding the suspension on January 3, 2017.

Torres then filed his notice of appeal to the ALJ's findings in the trial court. The trial court reversed the ALJ's suspension of Torres's license. The Department appeals the trial court's reversal of Torres's license suspension.

## II. ALJ MADE THE PROPER DETERMINATION

By its sole issue, the Department argues the trial court committed error by reversing the ALJ's ruling on Torres's license suspension.

---

[1] Having an open container of alcohol in the passenger compartment of a motor vehicle is a violation of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 49.031 (West, Westlaw through 2017 1st C.S.).

## A.  Standard of Review

When reviewing an administrative order, the trial court examines the ALJ's order to determine whether it is "reasonably supported by substantial evidence considering. . . the record as a whole."  *Tex. Dep't of Pub. Safety v. Sanchez*, 82 S.W.3d 506, 510 (Tex. App.—San Antonio 2002, no pet.) (quoting TEX. GOV'T CODE ANN. § 2001.174 (West, Westlaw through 2017 1st C.S.)).  Substantial evidence requires only a mere scintilla of evidence.  *Id.*  Whether there is substantial evidence to support the ALJ's decision is a question of reasonableness.  In other words, "the reviewing court considers the reasonableness of the ALJ's order, not the order's correctness."  *Id.* (quoting *Tex. Dep't of Pub. Safety v. Kusenberger*, 29 S.W.3d 154, 156 (Tex. App.—San Antonio 2000, no pet.)).  Even if the evidence supporting the ALJ's order amounts to only slightly more than a scintilla, the trial court must affirm the ALJ's order if the findings are reasonable.  *Id.*; *see Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999).

This Court reviews the trial court's determination *de novo*.  *Sanchez*, 82 S.W.3d at 510.  We review any questions of law without affording any deference to the trial court's findings.  *Id.*

## B.  Applicable Law and Discussion

The Texas Transportation Code required the Department to suspend the driving privileges of anyone the Department determines had an alcohol concentration level of .08 grams or greater while operating a motor vehicle in a public place.  TEX. TRANSP. CODE ANN. § 524.012(b)(1) (West, Westlaw through 2017 1st C.S.).  During an administrative license review hearing, the Department must prove:  (1) whether the person had an alcohol concentration of a level specified by Section 49.01(2)(B), Penal Code, while operating a

3

motor vehicle in a public place; and (2) whether reasonable suspicion to stop or probable cause to arrest the person existed. *Id.* § 524.035(a) (West, Westlaw through 2017 1st C.S.).

A police officer may temporarily detain an individual for investigative purposes if he reasonably suspects that the individual is involved in criminal activity. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (citing *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). "Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). It requires more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry*, 392 U.S. at 27. "A reasonable-suspicion determination is made by considering the totality of the circumstances." *Ford*, 158 S.W.3d at 492–93.

During the administrative license review (ALR) hearing, the Department submitted into evidence Detective Johnson's report. In that report, Detective Johnson stated that "I observed a golf cart traveling northbound on Eleventh Street. The passenger on the four seater golf cart had a glass bottle of alcohol on her lap in plain view when they passed by." After Detective Johnson signaled Torres, the driver, to pull over, he approached the golf cart and "informed him of the reason for the stop was because it is illegal to have an open container of alcohol on a golf cart (motor vehicle)." The Department argues the ALJ's determination was only if there was reasonable suspicion for the initial stop of Torres's vehicle.

4

The ALJ issued findings of fact which stated:

1.    On May 29, 2016, reasonable suspicion to stop Defendant existed, in that a Texas peace officer within his jurisdiction observed Defendant operating a motor vehicle in a public place in Texas. The officer observed the passenger had an open container of alcohol inside the vehicle.

. . . .

4.    Defendant was operating a motor vehicle in a public place in Texas with an alcohol concentration of 0.08 grams or greater of alcohol per 210 liters of breath.

The ALJ also made the following conclusion of law:

Based on the foregoing, the Judge concludes the Department proved the issues set out in Tex. Transp. Code Ann. § 524.035 and that Defendant's license is subject to a suspension for 90 days pursuant to Tex. Transp. Code Ann. § 524.022.

In reviewing the ALJ's order and considering the record as a whole, we are to consider the reasonableness of the order and anything more than a scintilla of evidence supporting the order is enough to affirm the ALJ's finding. *See Sanchez*, 82 S.W.3d at 510. Although Torres argues in his brief to this Court that Detective Johnson did not articulate with great detail how he knew the glass container had alcohol, the exhibits were admitted without objection at the ALR hearing. Torres's counsel did not raise objections to the report or to the finding of reasonable suspicion at the ALR hearing. The ALJ was free to believe or disbelieve Detective Johnson's statement that a glass bottle contained alcohol. Detective Johnson's lack of descriptive detail regarding the type, color, and make of the alcohol would affect his credibility with the ALJ. *See Meyers v. State*, 203 S.W.3d 873, (Tex. App.—Eastland 2006, pet. ref'd).

It is clear the ALJ determined that Detective Johnson made a reasonable assumption the glass bottle the passenger held contained alcohol and properly initiated

the initial detention.  Therefore, we find there was a scintilla of evidence to support the ALJ's finding of reasonable suspicion.  *See Sanchez*, 82 S.W.3d at 510.  Additionally, based on the documents submitted into evidence before the ALJ, the Department established Torres met both criteria required to warrant a driver's license suspension.  *See* TEX. TRANSP. CODE ANN. § 524.035.  We sustain the Department's sole issue.

## III.  CONCLUSION

We reverse and remand for proceedings consistent with this opinion.


GINA M. BENAVIDES,
Justice


Delivered and filed the
26th day of July, 2018.